[Cite as *Pietrangelo v. Avon Lake*, 2016-Ohio-8201.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JAMES E. PIETRANGELO, II

    Appellant

v.

CITY OF AVON LAKE, OHIO

    Appellee

C.A. Nos.     15CA010804
                 15CA010873

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     13CV181561

DECISION AND JOURNAL ENTRY

Dated: December 19, 2016

MOORE, Presiding Judge.

{¶1} Plaintiff-Appellant James E. Pietrangelo, II appeals from judgments of the Lorain County Court of Common Pleas. We affirm in part, reverse in part, vacate in part, and dismiss in part.

I.

{¶2} In September 2013, Mr. Pietrangelo, appearing pro se,[1] filed a complaint against Defendant-Appellee the City of Avon Lake, Ohio ("Avon Lake") asserting that the skate park owned and operated by Avon Lake as part of Weiss Field created a nuisance. The skate park is located in the vicinity of where Mr. Pietrangelo lives. The skate park has been open since 2004, and Mr. Pietrangelo began living near the park in 2011. Mr. Pietrangelo asserted, inter alia, that

---

[1] Mr. Pietrangelo, a licensed attorney, represented himself below and has chosen to do so again on appeal. In addition, he represented his brother below to the extent his brother became involved in the proceedings.

the skate park was excessively noisy, posed a danger to children, and that the individuals using the skate park vandalized it, used excessive profanity, visited the park after hours, and littered in the park. He alleged causes of action for common law private nuisance and common law public nuisance. Mr. Pietrangelo sought a temporary restraining order and/or preliminary injunction requiring Avon Lake to temporarily close the skate park, a permanent injunction requiring Avon Lake to permanently close the skate park, and attorney fees and costs.

{¶3} Thereafter, Mr. Pietrangelo filed a motion for a temporary restraining order and/or preliminary injunction. Prior to the trial court ruling on the motion, Mr. Pietrangelo attempted to appeal, but this Court dismissed the attempted appeal noting there had not been a ruling from which to appeal. *See Pietrangelo v. Avon Lake,* 9th Dist. Lorain No. 14CA010584 (June 26, 2014). Mr. Pietrangelo's motion was subsequently denied following significant briefing and hearings. Mr. Pietrangelo appealed the trial court's ruling and this Court dismissed the appeal concluding that the order was not final and appealable. *See Pietrangelo v. Avon Lake,* 9th Dist. Lorain No. 14CA010644 (Oct. 23, 2014).

{¶4} After Mr. Pietrangelo filed two motions seeking to have the trial judge disqualified, the trial judge voluntarily recused himself and a visiting judge was assigned to the matter. Following the reassignment, Mr. Pietrangelo sought reconsideration and/or renewal of various motions he had filed in the past that were denied. The motions were ultimately denied.

{¶5} Thereafter discovery issues began to arise. In June 2015, the trial court issued an order requiring Avon Lake to forward to the trial court a copy of the medical authorization form it wanted Mr. Pietrangelo to complete, detailing the authorization's "scope, cost assessment, and authority for same on or before June 24, 2015." The trial court indicated that "[t]he response [wa]s due on or before July 2, 2015." On June 15, 2015, Avon Lake filed a response to Mr.

Pietrangelo's request for an extension of time to reply to certain discovery requests. Attached to that response was a copy of the medical authorization form. However, that response did not discuss the points mentioned in the trial court's order. On June 26, 2015, Avon Lake filed its "statement on proposed medical authorization for [Mr. Pietrangelo's] medical records[.]" Less than three hours later, the trial court issued an order finding the medical authorization to be "reasonable" as it contained "multiple safeguards and protect[ed] [Mr. Pietrangelo]." The trial court ordered Mr. Pietrangelo "to execute the authorization and respond to discovery requests." The trial court required the authorization to be completed by July 8, 2015, and indicated that failure to do so would result in sanctions. On June 30, 2015, Mr. Pietrangelo responded in opposition.

{¶6} Thereafter, Mr. Pietrangelo filed a notice of appeal from the trial court's June 26, 2015 order requiring him to execute the medical authorization form. Mr. Pietrangelo filed a motion to stay the ruling; however, it does not appear that the trial court ruled on that motion. While Mr. Pietrangelo filed a document indicating that he served Avon Lake with all of his medical records that he deemed relevant, nothing in the record suggests that Mr. Pietrangelo ever executed the medical authorization form or that the trial court's order requiring Mr. Pietrangelo to execute the authorization was ever vacated.

{¶7} Discovery disputes continued nonetheless. On July 22, 2015, Mr. Pietrangelo filed a motion for a protective order and a motion to quash on behalf of himself and his brother to prevent their depositions. Mr. Pietrangelo maintained that the relief was necessary due to Avon Lake's counsels' history of "animosity and acting out[.]" The trial court summarily denied the motion. On July 23, 2015, the trial court issued an order stating a pretrial hearing was held and that Mr. Pietrangelo failed to appear, and that, when he was contacted, he indicated that he

would not appear. The trial court indicated that a member of the court staff was instructed to contact Mr. Pietrangelo and inform him that the deposition of his brother would proceed on July 23, 2015, as scheduled, and Mr. Pietrangelo's deposition would take place on July 27, 2015, as scheduled. Those depositions were ultimately rescheduled.

{¶8} On July 29, 2015, Avon Lake filed a motion to compel the production of video, audio, and photographs of the skate park created by Mr. Pietrangelo. That motion was granted the next day. In that order, the trial court indicated that "[n]on-compliance [would] result in sanctions including but not limited to an award of attorney fees and costs and or dismissal of this lawsuit." Nonetheless, the parties entered into a stipulated protection order concerning confidential information, which appears to be related in part to the recordings.

{¶9} On September 3, 2015, Avon Lake filed a motion to compel the deposition testimony of Mr. Pietrangelo and his brother. Avon Lake asserted that both deponents "refused to answer legitimate questions seeking relevant information regarding the claims and defenses at issue." Avon Lake further maintained that the deponents refused to respond "even after the Court instructed the parties on how to handle disputes regarding the appropriateness of particular questions. Specifically, the Court directed the parties to object, then answer the question and raise any objection with the Court later."

{¶10} At a pretrial on September 10, 2015, the trial court addressed the issue. The trial court confirmed that it told the parties that "the format is that if there is an objection, you pose the objection but answer the question and the Court will address the objection as it relates to the various questions." The trial court noted that, "the fact of the matter is, and I warned you at that time and I don't want to do this, I have not granted sanctions against you, but I have indicated to you that we are at a point because the trial is approaching that I am going to have to impose

sanctions. Those sanctions could include a[] dismissal of your action." Ultimately, Avon Lake agreed to submit interrogatories to Mr. Pietrangelo and his brother instead of attempting another deposition. The trial court indicated that objections to the interrogatories could be made, but the questions still must be answered. At the end of the pretrial, the trial court declined to impose sanctions on either side, but nonetheless admonished that, "[i]f there are any further problems * * * I will impose sanctions. And sanctions may include either granting judgment in one instance or in dismissing the lawsuit." On September 17, 2015, the trial court issued an order reciting the events of the pretrial,[2] which included the warning that "[f]ailure to comply with these orders will result in sanctions which may include dismissal with prejudice or entry of judgment."

{¶11} On September 18, 2015, Avon Lake filed a motion to hold Mr. Pietrangelo in contempt and to dismiss his case with prejudice. Avon Lake asserted that Mr. Pietrangelo refused to answer four of the interrogatories claiming that the questions were not within the scope of the trial court's order. On the day of the scheduled trial, September 21, 2015, the trial court heard the parties on Avon Lake's motion. That day, the trial court issued a judgment entry stating that Mr. Pietrangelo "ha[d] been repeatedly put on notice that continued non compliance with legitimate discovery requests would result in sanctions including a dismissal with prejudice of this case." The trial court then concluded that, "[t]he Court must enforce its orders and has inherent authority to do so. Due to [Mr. Pietrangelo's] disobedience, resistan[ce] to and refusal to comply with lawful orders of this Court, this case is dismissed with prejudice." The trial court

---

[2] The order indicates that "Defendant" is to answer interrogatories; however, that reference, in light of the transcript of the hearing, appears to be a typographical error. Moreover, the next sentence of the order notes that "[i]nterrogatories [are] to be used in lieu of depositions for both [Mr. Pietrangelo and his brother]."

went on to find that Mr. Pietrangelo "acted in bad faith and vexatiously[]" and held him in "direct contempt of court and fined [him] $500.00." The trial court, however, suspended the fine and determined that "dismissal w[ould] serve as sufficient punishment for [Mr. Pietrangelo's] contempt."

{¶12} Thereafter, Mr. Pietrangelo and his brother filed a joint notice of appeal, appealing the final judgment as well as various other orders of the trial court.[3] Ultimately, this Court consolidated the appeal from the trial court's ruling on the medical authorization form with the appeal from the final judgment. The assignments of error will be addressed out of sequence in order to facilitate our review of the issues before us.

II.

Appeal No. 15CA010873 – Appeal of the Final Judgment

### ASSIGNMENT OF ERROR XI

[THE TRIAL COURT] ERRED IN ISSUING [ITS] JUNE 26, 2015 ORDER FOR [MR.] PIETRANGELO TO EXECUTE AVON LAKE'S MEDICAL AUTHORIZATION AND TO COOPERATE IN DISCOVERY RELATIVE TO THE MEDICAL RECORDS SOUGHT BY THE AUTHORIZATION.

{¶13} Mr. Pietrangelo has listed this assignment of error in his brief addressing appeal no. 15CA010873 but has failed to develop any argument in that brief with respect to this assignment of error.

{¶14} Further, while this assignment of error on its face appears to be a challenge to the trial court's order that Mr. Pietrangelo execute the medical authorization form, that order was a final, appealable order when it was issued. *Miller v. State Farm Mut., Auto. Ins. Co.,* 9th Dist.

---

[3] The notice of appeal indicates that Mr. Pietrangelo's brother's appeal is limited to the trial court's orders over the brother as a witness. However, Mr. Pietrangelo's brother did not submit a brief in this matter.

Summit No. 27236, 2015-Ohio-280, ¶ 13.  Thus, Mr. Pietrangelo's appeal of that order as part of this appeal is untimely.  *See In re Estate of Keegan,* 6th Dist. Sandusky No. S-88-17, 1989 WL 35497, *1 (Apr. 14, 1989), citing *Oberlin Savings Bank Co. v. Fairchild,* 175 Ohio St. 311, 312 (1963) ("Where a trial court judgment, although interlocutory in character, constitutes a final appealable order, an appeal from the date of such judgment must be timely perfected.  The time for appealing a final appealable order, interlocutory in character, is not tolled until final judgment as to all causes and parties is rendered.").

{¶15}  Accordingly, this Court lacks jurisdiction to consider Mr. Pietrangelo's eleventh assignment of error in this appeal.

### ASSIGNMENT OF ERROR III

[THE TRIAL COURT] DID NOT HAVE JURISDICTION TO MAKE [ITS] SEPTEMBER 21, 2015 RULINGS.

{¶16}  Mr. Pietrangelo asserts in his third assignment of error that the trial court lacked jurisdiction to issue its September 21, 2015 rulings because the rulings disposed of the case while another appeal was pending in this Court.

{¶17}  "'An appeal is perfected upon the filing of a written notice of appeal.  R.C. 2505.04.  Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal.'  *In re S.J.*, 106 Ohio St.3d 11, * * * 2005-Ohio-3215, * * * ¶ 9."  *Ormandy v. Dudzinski,* 9th Dist. Lorain No. 09CA009713, 2010-Ohio-2017, ¶ 11.  "The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from."  *In re S.J.* at ¶ 9.  Accordingly, collateral issues such as "contempt, appointment of a receiver and injunction[]" generally remain within the jurisdiction of a trial court while another matter is on appeal.  *See State ex rel. Special Prosecutors v. Judges, Courts of Common Pleas,* 55 Ohio St.2d 94, 97 (1978); *see also Pine v. Haddox Installation*

*Servs., LLC,* 9th Dist. Summit No. 22391, 2005-Ohio-3635, ¶ 10. Courts have concluded that such collateral issues can also include the imposition of sanctions. *See Webb v. Pewano, Ltd.,* 12th Dist. Fayette Nos. CA2008-10-036, CA2008-12-042, 2009-Ohio-2629, ¶ 30 (Civ.R. 11 sanctions); *Middleton v. Luna's Restaurant & Deli, L.L.C.,* 5th Dist. Stark No. 2011-CA-00181, 2012-Ohio-348, ¶ 11. The important consideration, however, remains whether the trial court's action is inconsistent with the appellate court's ability to review, affirm, modify, or reverse the appealed judgment. *See State ex rel. Special Prosecutors* at 97; *see also Middleton* at ¶ 11 ("A trial court may not assume jurisdiction over matters inconsistent with the appellate court's jurisdiction to review, reverse, modify, or affirm the judgment.").

{¶18} This Court does not dispute that the trial court had jurisdiction to enforce its orders via contempt or sanctions proceedings even while the medical authorization form appeal was pending in this Court. *See State ex rel. Special Prosecutors* at 97. However, the problem with the trial court's actions lies in the *nature* of its sanction. Here, the trial court dismissed Mr. Pietrangelo's case with prejudice for his failure to comply with court orders. That dismissal clearly interfered with our ability to review Mr. Pietrangelo's appeal concerning the medical authorization form as the dismissal rendered the medical authorization appeal moot. Thus, under the particular circumstances of this case, we conclude that the trial court lacked jurisdiction to dismiss the case with prejudice. *See Fifth Third Mtge., Co. v. Rankin,* 4th Dist. Pickaway No. 11CA18, 2012-Ohio-2804, ¶ 14 (noting that the trial court retained jurisdiction to conduct contempt proceedings but its sanction was inconsistent with pending appeal); *Labate Chrysler, Jeep, Dodge, Inc. v. Fifth Third Bank,* 7th Dist. Columbiana No. 05 CO 57, 2006-Ohio-3480, ¶ 14-15 (concluding that trial court lacked jurisdiction to rule on motion to dismiss while appeal of denial of motion for preliminary injunction was pending).

{¶19} As the trial court lacked jurisdiction to dismiss the case with prejudice, that portion of the judgment is void and is a nullity. *See Hairline Clinic, Inc. v. Riggs-Fejes,* 9th Dist. Summit No. 25171, 2011-Ohio-5894, ¶ 12. Thus, we exercise our inherent authority to vacate that portion of the judgment. *See id.* Therefore, to the extent Mr. Pietrangelo has argued that the trial court lacked jurisdiction to dismiss the action with prejudice his third assignment of error is sustained. Upon remand, the trial court can consider which sanction to impose. This Court takes no position at this time on whether dismissal in the absence of a pending appeal would be an appropriate sanction.

### ASSIGNMENT OF ERROR I

[THE TRIAL COURT'S] SEPTEMBER 21, 2015 ORAL AND WRITTEN FINDINGS/HOLDINGS FINDING/HOLDING [MR.] PIETRANGELO IN CONTEMPT, FINING HIM $500 (SUSPENDED), AND DISMISSING HIS CASE WITH PREJUDICE, AND THE ORDER(S)/JUDGMENT OF THE SAME (COLLECTIVELY "THE SEPTEMBER 21, 2015 RULINGS"), WERE PLAIN ERROR, PREJUDICIAL ERROR, AND/OR AN ABUSE OF DISCRETION, INCLUDING DUE TO EACH OF THE FOLLOWING SEPARATE ERRORS WHICH ARE FULLY INCORPORATED HEREIN AS THE DISCUSSION FOR THIS ASSIGNMENT OF ERROR.

### ASSIGNMENT OF ERROR IV

[THE TRIAL COURT] DENIED [MR.] PIETRANGELO NOTICE OF, AND A MEANINGFUL OPPORTUNITY TO RESPOND TO/IN, AVON LAKE'S CONTEMPT MOTION ("THE MOTION") AND THE RESULTING IMPROMPTU HEARING DURING THE TRIAL[.]

### ASSIGNMENT OF ERROR V

THE TRIAL COURT * * * PREJUDICIALLY ORDERED [MR.] PIETRANGELO TO PROVIDE AN EMAIL ACCOUNT FOR SERVICE[.]

### ASSIGNMENT OF ERROR VI

[THE TRIAL COURT] PREJUDICIALLY REFUSED TO CONTINUE THE IMPROMPTU HEARING.

## ASSIGNMENT OF ERROR VII

[THE TRIAL COURT] CLASSIFIED [MR.] PIETRANGELO'S ALLEGED CONTEMPT AS DIRECT INSTEAD OF INDIRECT AND THEREBY DENIED [MR.] PIETRANGELO A FORMAL CONTEMPT TRIAL (AND ATTENDANT CONSTITUTIONAL SAFEGUARDS) TO WHICH [MR.] PIETRANGELO WAS ENTITLED[.]

## ASSIGNMENT OF ERROR VIII

[THE TRIAL COURT] DID NOT CLEARLY SPECIFY ALL OF THE BASES UPON WHICH HE FOUND/HELD [MR.] PIETRANGELO IN CONTEMPT.

## ASSIGNMENT OF ERROR IX

[THE TRIAL COURT] ACTUALLY FOUND [MR.] PIETRANGELO GUILTY OF CRIMINAL CONTEMPT, BUT DID NOT PROVIDE HIM WITH THE REQUISITE CONSTITUTIONAL DUE-PROCESS PROTECTIONS.

## ASSIGNMENT OF ERROR X

[THE TRIAL COURT'S] CONTEMPT FINDINGS/HOLDINGS WERE ARBITRARY/UNREASONABLE, AND WERE NOT SUPPORTED BY THE EVIDENCE BEYOND A REASONABLE DOUBT (THE APPLICABLE STANDARD, SEE SUPRA) OR EVEN CLEARLY AND CONVINCINGLY (THE STANDARD FOR CIVIL CONTEMPT * * *)[.]

## ASSIGNMENT OF ERROR XII

[THE TRIAL COURT'S] CONTEMPT FINDINGS/HOLDINGS AND SANCTIONS WERE EXCESSIVE/UNFAIR, INCLUDING AS A MATTER OF EQUITY[.]

{¶20} Mr. Pietrangelo's first, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and twelfth assignments of error all raise issues concerning the contempt hearing, findings, and sanctions. To the extent that Mr. Pietrangelo challenges the dismissal of the action as a sanction, that sanction has been vacated.

{¶21} Nonetheless, challenges to the finding of contempt and the process that led to that finding are properly before us. However, because a transcript of the contempt hearing is not part of the record on appeal, *see* Loc.R. 6(C); App.R. 9(A), we determine we are required to presume

regularity in the trial court's proceedings and affirm the trial court's judgment. *See Zaryki v. Breen,* 9th Dist. Summit No. 27968, 2016-Ohio-7086, ¶ 15.

**{¶22}** Loc.R. 6(C) states:

Transcript Made Record. No transcript of proceedings shall be considered as a part of the record on appeal unless one of the following applies:

(1)     The court reporter has certified the transcript as provided in subsection (B) of this rule;

(2)     The record contains an entry of the trial court appointing the court reporter who has certified the transcript;

(3)     The transcript is a part of the original papers and exhibits filed in the trial court;

(4)     The transcript has been incorporated into an App.R. 9(C) statement that has been approved by the trial court; or,

(5)     The court of appeals has granted a motion to supplement the record with a transcript that was filed in a prior appeal.

Loc.R. 6(B) provides in part that, "[t]he certificate of the court reporter selected by the trial court, pursuant to App.R. 9, must be signed by the court reporter and must reflect the court reporter's appointment by the trial court."

**{¶23}** While there is a transcript of the September 21, 2015 contempt hearing in the appellate file, we conclude that it fails to satisfy Loc.R. 6(C) and accordingly cannot be considered part of the record. The certification of the notary who transcribed the hearing does not indicate in any manner that she was appointed by the trial court. *See* Loc.R. 6(B), (C)(1); App.R. 9(B)(2); *see also Shumate v. Shumate,* 9th Dist. Lorain No. 09CA009707, 2010-Ohio-5062, ¶ 6-9; *Salas v. Velez,* 9th Dist. Lorain No. 09CA009627, 2010-Ohio-702, ¶ 7-10; *In re T.C.,* 9th Dist. Lorain Nos. 07CA009248, 07CA009253, 2008-Ohio-2249, ¶ 18-21. Nor does the record contain an entry appointing the notary as the court reporter for purposes of the appeal.

*See* Loc.R. 6(C)(2). Further, none of the other provisions of Loc.R. 6(C) have been satisfied here.

{¶24} Because the transcript of the September 21, 2015 contempt hearing is necessary to resolve the merits of these assignments of error, and none is properly in the record before us, we are required to presume regularity in the trial court's proceedings. *See Zaryki*, 2016-Ohio-7086, at ¶ 15. Therefore, we overrule Mr. Pietrangelo's first, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and twelfth assignments of error on that basis.

## ASSIGNMENT OF ERROR II

[THE TRIAL COURT] NON-RANDOMLY PRESIDED OVER SEVEN CONTEMPORANEOUS BUT SEPARATE LORAIN COUNTY COURT OF COMMON PLEAS CASES INVOLVING [MR.] PIETRANGELO, INCLUDING THE INSTANT CASE.

## ASSIGNMENT OF ERROR XIII

[THE TRIAL COURT] HELD A HEARING IN ABSENTIA OF [MR.] PIETRANGELO AND WITHOUT NOTICE TO HIM[.]

## ASSIGNMENT OF ERROR XIV

[THE TRIAL COURT] WRONGLY FOUND THAT [MR.] PIETRANGELO HAS BEEN TELEPHONICALLY NOTIFIED/DULY NOTIFIED OF THE HEARING, THAT [MR.] PIETRANGELO TOLD COURT STAFF HE WOULD NOT BE APPEARING FOR THE HEARING, AND THAT [MR.] PIETRANGELO HAD NOT COMPLIED WITH LEGITIMATE DISCOVERY REQUESTS[.]

## ASSIGNMENT OF ERROR XV

[THE TRIAL COURT] SCHEDULED DEPOSITIONS FOR [MR.] PIETRANGELO AND HIS BROTHER WITHOUT REASONABLE NOTICE AND WITHOUT A SUBPOENA FOR THE LATTER[.]

## ASSIGNMENT OF ERROR XVI

[THE TRIAL COURT] DENIED THE PIETRANGELOS' EMERGENCY MOTION FOR A PROTECTIVE ORDER AND TO QUASH THE DEPOSITIONS, AND THEN LATER IMPLICITLY SUMMARILY OVERRULED THEIR DEPOSITION OBJECTIONS[.]

**ASSIGNMENT OF ERROR XVII**

[THE TRIAL COURT] HEARD AND GRANTED AVON LAKE'S SEPTEMBER 3, 2015 MOTION TO COMPEL, INCLUDING IN VIOLATION OF THE PIETRANGELOS' RIGHT TO RESPOND AND RIGHT TO REVIEW THEIR DEPOSITION TRANSCRIPTS.

{¶25} Mr. Pietrangelo challenges various interlocutory orders in his second, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth assignments of error. However, in light of our determination that dismissal of the case was void in light of the pending appeal in case no. 15CA010804, review of these interlocutory orders is premature and we decline to address them.[4]

Appeal No. 15CA010804 – Medical Authorization Form Appeal

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN ISSUING THE FOLLOWING ORDER/JUDGMENT ENTRY:

THE COURT HAS THOROUGHLY REVIEWED THE "THE AUTHORIZATION FOR DISCLOSURE OF PROTECTED HEALTH INFORMATION[."] THE COURT FINDS THAT IT IS REASONABLE, CONTAINS MULTIPLE SAFEGUARDS, AND PROTECTS [MR. PIETRANGELO]. ALLOCATION OF ULTIMATE COSTS WILL BE ADDRESSED AT CONCLUSION OF THIS CASE.

CONSISTENT WITH R.C. 2317.02 [MR. PIETRANGELO] IS ORDERED TO EXECUTE THE AUTHORIZATION AND RESPOND TO DISCOVERY REQUESTS. BY FILING THIS ACTION, [MR. PIETRANGELO] HAS WAIVED PHYSICIAN-PATIENT PRIVILEGE. FAILURE TO EXECUTE THE AUTHORIZATION FORM AND CO-OPERATE IN DISCOVERY RELATIVE TO THE MEDICAL RECORDS WILL RESULT IN SANCTIONS

---

[4] We acknowledge that under *Smith v. Chester Twp. Bd. of Trustees,* 60 Ohio St.2d 13 (1979), syllabus ("Where a non-appealable interlocutory order results in a judgment of contempt, including fine or imprisonment, such a judgment is a final and appealable order and presents to the appellate court for review the propriety of the interlocutory order which is the underlying basis for the contempt adjudication."), Mr. Pietrangelo's seventeenth assignment of error might be reviewable. However, in light of the absence of a transcript of the contempt hearing in this Court's record, we cannot conclusively conclude that the trial court's ruling on the motion to compel resulted in the judgment of contempt. Thus, we decline to address the merits of that argument.

TO INCLUDE, BUT NOT LIMITED TO, STRIKING CLAIMS AND EVIDENCE RELATIVE TO "MEDICAL CONDITIONS[."]

[MR. PIETRANGELO] TO RETURN THE EXECUTED AUTHORIZATION FORM TO DEFENSE COUNSEL ON OR BEFORE JULY 8, 2015.

{¶26} In Mr. Pietrangelo's sole assignment of error in the appeal in case no. 15CA010804, Mr. Pietrangelo challenges the trial court's judgment ordering him to execute a medical authorization form.

{¶27} While generally discovery orders are not immediately appealable, orders for the disclosure of privileged matters can fall within an exception to the general rule. *Miller,* 2015-Ohio-280, at ¶ 10. This Court has previously concluded that an order requiring a party to authorize access to his medical records constitutes a final, appealable order. *See id.* at ¶ 13. Thus, we conclude we have jurisdiction over this appeal.

{¶28} Avon Lake has argued that this issue is waived or moot because Avon Lake agreed to proceed to trial without having the records. However, Avon Lake's willingness to proceed to trial without the records does not alter the fact that there is still a trial court order requiring Mr. Pietrangelo to sign the medical authorization form. Avon Lake has not sought to vacate that order. Thus, Avon Lake has not convinced us that this issue is moot.

{¶29} Mr. Pietrangelo essentially makes three arguments under this assignment of error: (1) the trial court failed to comply with due process requirements in issuing its order; (2) requiring Mr. Pietrangelo to execute the medical authorization violated the civil rules; and (3) the medical authorization form was too broad in scope.

{¶30} Because we determine the first argument is dispositive, we decline to address the remaining arguments. "The right to procedural due process is guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution.

This Court has previously stated that [a]t a minimum, the constitutional guarantee of due process requires that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." (Internal quotations and citations omitted.) *Sigler v. Arvay,* 9th Dist. Summit No. 21099, 2002-Ohio-6762, ¶ 10.

**{¶31}** In June 2015, the trial court issued an order requiring Avon Lake to forward to the trial court a copy of the medical authorization it sought from Mr. Pietrangelo, detailing the authorization's "scope, cost assessment, and authority for same on or before June 24, 2015." The trial court indicated that "[t]he response [wa]s due on or before July 2, 2015." On June 15, 2015, Avon Lake filed a response to Mr. Pietrangelo's request for an extension of time to reply to certain discovery requests. Attached to that response was a copy of the medical authorization form. However, that response did not discuss the points mentioned in the trial court's order. On June 26, 2015, Avon Lake filed its "statement on proposed medical authorization for [Mr. Pietrangelo's] medical records[.]" Less than three hours later, the trial court issued an order finding the medical authorization to be "reasonable" as it contained "multiple safeguards and protect[ed] [Mr. Pietrangelo]." The trial court ordered Mr. Pietrangelo "to execute the authorization and respond to discovery requests." The trial court required the authorization to be completed by July 8, 2015, and indicated that failure to do so would result in sanctions. On June 30, 2015, Mr. Pietrangelo responded in opposition.

**{¶32}** Here, the trial court ordered Mr. Pietrangelo to execute the medical authorization form without giving him an opportunity to respond to Avon Lake's arguments. The trial court ordered Avon Lake to submit the medical authorization form and its arguments related to it by June 24, 2015; Avon Lake did respond, but did not do so until June 26, 2015. Later that same day, the trial court issued the order requiring Mr. Pietrangelo to execute the form, despite the fact

that the trial court indicated that he would have until July 2, 2015, to submit a response. "Fundamental due process principles require that each party have the opportunity to be heard prior to a trial court rendering a decision." *Equable Ascent Fin. v. Ybarra,* 9th Dist. Lorain No. 12CA010190, 2013-Ohio-4282, ¶ 6. Given the circumstances of this case, we conclude the trial court committed reversible error in issuing its decision prior to allowing Mr. Pietrangelo an opportunity to respond to Avon Lake's arguments. *See id.* at ¶ 9.

**{¶33}** To the extent Mr. Pietrangelo has asserted that the trial court erred in requiring him to execute the medical authorization form because the trial court failed to comply with due process requirements, we sustain his assignment of error. As the trial court has not yet considered the merits of Mr. Pietrangelo's arguments in response to Avon Lake's request for him to execute the medical authorization form, that issue is not properly before us at this time.

### III.

**{¶34}** With respect to case no. 15CA010804, we sustain Mr. Pietrangelo's assignment of error to the extent discussed above. The matter is remanded for the trial court to consider Mr. Pietrangelo's memorandum in response already filed in the trial court. With respect to case no. 15CA010873, we lack jurisdiction to consider Mr. Pietrangelo's eleventh assignment of error and dismiss the appeal to that extent, we sustain Mr. Pietrangelo's third assignment of error to the extent discussed above, vacate the trial court's dismissal of the action, and remand for proceedings consistent with this opinion, we overrule Mr. Pietrangelo's first, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and twelfth assignments of error, and we decline to address the merits of Mr. Pietrangelo's second, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth assignments of error.

Appeal dismissed in part,
judgment affirmed in part,
vacated in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
CARLA MOORE
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JAMES E. PIETRANGELO, II, pro se, Appellant.

MARGARET M. KOESEL and TRACEY L. TURNBULL, Attorneys at Law, for Appellee.

ABRAHAM LIEBERMAN, Law Director, and DAVID M. GRAVES, Assistant Law Director, for Appellee.