[Cite as *Pietrangelo v. Avon Lake*, 2018-Ohio-1006.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| JAMES PIETRANGELO, II | C.A. No. 17CA011080 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CITY OF AVON LAKE, OHIO | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 13CV181561 |

DECISION AND JOURNAL ENTRY

Dated: March 19, 2018

CARR, Judge.

{¶1} Plaintiff-Appellant James E. Pietrangelo, II appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms in part and vacates in part.

I.

{¶2} This Court previously detailed the history of this case in the most recent prior appeal (which will be subsequently referred to as "the prior appeal" for simplicity):

In September 2013, [] Pietrangelo, appearing pro se, filed a complaint against Defendant-Appellee the City of Avon Lake, Ohio ("Avon Lake") asserting that the skate park owned and operated by Avon Lake as part of Weiss Field created a nuisance. The skate park is located in the vicinity of where [] []Pietrangelo lives. The skate park has been open since 2004, and [] Pietrangelo began living near the park in 2011. [] Pietrangelo asserted, inter alia, that the skate park was excessively noisy, posed a danger to children, and that the individuals using the skate park vandalized it, used excessive profanity, visited the park after hours, and littered in the park. He alleged causes of action for common law private nuisance and common law public nuisance. [] Pietrangelo sought a temporary restraining order and/or preliminary injunction requiring Avon Lake to temporarily close the skate park, a permanent injunction requiring Avon Lake to permanently close the skate park, and attorney fees and costs.

Thereafter, [] Pietrangelo filed a motion for a temporary restraining order and/or preliminary injunction. Prior to the trial court ruling on the motion, [] Pietrangelo attempted to appeal, but this Court dismissed the attempted appeal noting there had not been a ruling from which to appeal. *See Pietrangelo v. Avon Lake*, 9th Dist. Lorain No. 14CA010584 (June 26, 2014). [] Pietrangelo's motion was subsequently denied following significant briefing and hearings. [] Pietrangelo appealed the trial court's ruling and this Court dismissed the appeal concluding that the order was not final and appealable. *See Pietrangelo v. Avon Lake*, 9th Dist. Lorain No. 14CA010644 (Oct. 23, 2014).

After [] Pietrangelo filed two motions seeking to have the trial judge disqualified, the trial judge voluntarily recused himself and a visiting judge was assigned to the matter. Following the reassignment, [] Pietrangelo sought reconsideration and/or renewal of various motions he had filed in the past that were denied. The motions were ultimately denied.

Thereafter discovery issues began to arise. In June 2015, the trial court issued an order requiring Avon Lake to forward to the trial court a copy of the medical authorization form it wanted [] Pietrangelo to complete, detailing the authorization's "scope, cost assessment, and authority for same on or before June 24, 2015." The trial court indicated that "[t]he response [wa]s due on or before July 2, 2015." On June 15, 2015, Avon Lake filed a response to [] Pietrangelo's request for an extension of time to reply to certain discovery requests. Attached to that response was a copy of the medical authorization form. However, that response did not discuss the points mentioned in the trial court's order. On June 26, 2015, Avon Lake filed its "statement on proposed medical authorization for [Pietrangelo's] medical records[.]" Less than three hours later, the trial court issued an order finding the medical authorization to be "reasonable" as it contained "multiple safeguards and protect[ed] Pietrangelo]." The trial court ordered [] Pietrangelo "to execute the authorization and respond to discovery requests." The trial court required the authorization to be completed by July 8, 2015, and indicated that failure to do so would result in sanctions. On June 30, 2015, [] Pietrangelo responded in opposition.

Thereafter, [] Pietrangelo filed a notice of appeal from the trial court's June 26, 2015 order requiring him to execute the medical authorization form. [] Pietrangelo filed a motion to stay the ruling; however, it does not appear that the trial court ruled on that motion. While [] Pietrangelo filed a document indicating that he served Avon Lake with all of his medical records that he deemed relevant, nothing in the record suggests that [] Pietrangelo ever executed the medical authorization form or that the trial court's order requiring [] Pietrangelo to execute the authorization was ever vacated.

Discovery disputes continued nonetheless. On July 22, 2015, [] Pietrangelo filed a motion for a protective order and a motion to quash on behalf of himself and his brother to prevent their depositions. [] Pietrangelo maintained that the relief was necessary due to Avon Lake's counsels' history of "animosity and acting out[.]"

The trial court summarily denied the motion. On July 23, 2015, the trial court issued an order stating a pretrial hearing was held and that [] Pietrangelo failed to appear, and that, when he was contacted, he indicated that he would not appear. The trial court indicated that a member of the court staff was instructed to contact [] Pietrangelo and inform him that the deposition of his brother would proceed on July 23, 2015, as scheduled, and [] Pietrangelo's deposition would take place on July 27, 2015, as scheduled. Those depositions were ultimately rescheduled.

On July 29, 2015, Avon Lake filed a motion to compel the production of video, audio, and photographs of the skate park created by [] Pietrangelo. That motion was granted the next day. In that order, the trial court indicated that "[n]on-compliance [would] result in sanctions including but not limited to an award of attorney fees and costs and or dismissal of this lawsuit." Nonetheless, the parties entered into a stipulated protection order concerning confidential information, which appears to be related in part to the recordings.

On September 3, 2015, Avon Lake filed a motion to compel the deposition testimony of [] Pietrangelo and his brother. Avon Lake asserted that both deponents "refused to answer legitimate questions seeking relevant information regarding the claims and defenses at issue." Avon Lake further maintained that the deponents refused to respond "even after the Court instructed the parties on how to handle disputes regarding the appropriateness of particular questions. Specifically, the Court directed the parties to object, then answer the question and raise any objection with the Court later."

At a pretrial on September 10, 2015, the trial court addressed the issue. The trial court confirmed that it told the parties that "the format is that if there is an objection, you pose the objection but answer the question and the Court will address the objection as it relates to the various questions." The trial court noted that, "the fact of the matter is, and I warned you at that time and I don't want to do this, I have not granted sanctions against you, but I have indicated to you that we are at a point because the trial is approaching that I am going to have to impose sanctions. Those sanctions could include a[ ] dismissal of your action." Ultimately, Avon Lake agreed to submit interrogatories to [] Pietrangelo and his brother instead of attempting another deposition. The trial court indicated that objections to the interrogatories could be made, but the questions still must be answered. At the end of the pretrial, the trial court declined to impose sanctions on either side, but nonetheless admonished that, "[i]f there are any further problems * * * I will impose sanctions. And sanctions may include either granting judgment in one instance or in dismissing the lawsuit." On September 17, 2015, the trial court issued an order reciting the events of the pretrial, which included the warning that "[f]ailure to comply with these orders will result in sanctions which may include dismissal with prejudice or entry of judgment."

On September 18, 2015, Avon Lake filed a motion to hold [] Pietrangelo in contempt and to dismiss his case with prejudice. Avon Lake asserted that [] Pietrangelo refused to answer four of the interrogatories claiming that the

questions were not within the scope of the trial court's order. On the day of the scheduled trial, September 21, 2015, the trial court heard the parties on Avon Lake's motion. That day, the trial court issued a judgment entry stating that [] Pietrangelo "ha[d] been repeatedly put on notice that continued non compliance with legitimate discovery requests would result in sanctions including a dismissal with prejudice of this case." The trial court then concluded that, "[t]he Court must enforce its orders and has inherent authority to do so. Due to [Pietrangelo's] disobedience, resistan[ce] to and refusal to comply with lawful orders of this Court, this case is dismissed with prejudice." The trial court went on to find that [] Pietrangelo "acted in bad faith and vexatiously[ ]" and held him in "direct contempt of court and fined [him] $500.00." The trial court, however, suspended the fine and determined that "dismissal w[ould] serve as sufficient punishment for [[] Pietrangelo's] contempt."

Thereafter, [] Pietrangelo and his brother filed a joint notice of appeal, appealing the final judgment as well as various other orders of the trial court. Ultimately, this Court consolidated the appeal from the trial court's ruling on the medical authorization form with the appeal from the final judgment.

(Footnotes omitted.) *Pietrangelo v. Avon Lake*, 9th Dist. Lorain Nos. 15CA010804, 15CA010873, 2016-Ohio-8201, ¶ 2-12.

**{¶3}** In the prior appeal, this Court concluded that the trial court lacked jurisdiction to dismiss the case with prejudice while the medical authorization form appeal was pending. *See id.* at ¶ 18-19. Thus we vacated the entry to the extent it dismissed the action and remanded the matter for the trial court to impose a sanction. *See id.* at ¶ 19. Additionally, we overruled Pietrangelo's other contempt-related assignments of error in light of the absence of a proper transcript of the contempt hearing in the record. *Id.* at ¶ 20-24. This Court declined to address several assignments of error which it concluded were premature. *See id.* at ¶ 25. Finally, with respect to the medical authorization form appeal, this Court agreed that "the trial court erred in requiring [Pietrangelo] to execute the medical authorization form because the trial court failed to comply with due process requirements[.]" *Id.* at ¶ 33. Thus, we remanded the matter "for the trial court to consider [] Pietrangelo's memorandum in response already filed in the trial court." *Id.* at ¶ 34.

{¶4}  Upon remand, the trial court issued an entry that once again dismissed the action with prejudice.  Pietrangelo has appealed, pro se, raising nineteen assignments of error, which will be addressed out of sequence to facilitate our analysis.

II.

**ASSIGNMENT OF ERROR III**

[THE TRIAL COURT] VIOLATED THE COURT'S MANDATE IN APPEAL NOS. 15CA010804 AND 15CA010873.

{¶5}  Pietrangelo argues in his third assignment of error that the trial court violated this Court's mandate in the prior appeal.

{¶6}  "The law of the case doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels."  (Internal quotations and citations omitted.) *Cleveland Akron-Canton Advertising Coop. v. Physician's Weigh Loss Ctrs. Of Am., Inc.*, 9th Dist. Summit No. 27535, 2016-Ohio-3039, ¶ 11.  "The doctrine prevents lower courts from disregard[ing] the mandate of a superior court in a prior appeal in the same case."  (Internal quotations and citations omitted.) *Id.*

{¶7}  In the prior appeal, this Court vacated the portion of the trial court's entry that dismissed Pietrangelo's case with prejudice.  *Pietrangelo*, 2016-Ohio-8201, at ¶ 19.  We overruled Pietrangelo's other assignments of error related to the contempt findings, holding, procedure, and suspended monetary sanction due the absence of a proper transcript from our record.  *See id.* at ¶ 20-24.  Accordingly, the trial court's findings and holdings related to contempt (aside from the dismissal) were not altered by the prior appeal.  In addition, with respect to the medical authorization form appeal, we "remanded [the matter] for the trial court to

consider [] Pietrangelo's memorandum in response already filed in the trial court." *See id.* at ¶ 34.

{¶8} Upon remand, the trial court issued an entry that summarized the appeal. The trial court then vacated the entry that required Pietrangelo to execute a medical authorization form concluding it was overly broad. After doing so, the trial court stated that:

> The Court incorporates by reference all of the earlier findings in this case, all of this Court's earlier rulings, and finds that due to the Plaintiff's disobedience, resistant, and refusal to comply with lawful orders of this Court, efforts to obstruct and delay appropriate discovery requests, this case is dismissed with prejudice. The Court finds that the Plaintiff has acted in bad faith and vexatiously.

> The Plaintiff is held in contempt of Court and fined $500.00. The fine is suspended and the dismissal will serve as sufficient punishment for Plaintiff's contempt. Plaintiff to bear costs. Defendant's request for attorney fees is denied.

{¶9} Pietrangelo argues that by stating that the trial court "incorporates by reference all of the earlier findings in this case, all of this Court's earlier rulings," the trial court was incorporating the order concerning the medical authorization form that it vacated and the dismissal that this Court vacated. Thus, Pietrangelo appears to argue that the trial court reinstated orders or parts of orders that were vacated. While the trial court's choice of language was less than ideal, considering the entry as a whole, we cannot say that the trial court intended to reinstate vacated entries or portions of entries, particularly when the trial court made a point to acknowledge what this Court did in the appeal and itself vacated the order requiring Pietrangelo to execute the medical authorization form. Instead, it appears that the trial court's intention was to incorporate prior orders and findings that would support the trial court's dismissal of the action with prejudice.

{¶10} Nonetheless, as this Court did not vacate the prior finding of contempt and the suspended monetary sanction in the prior appeal, to the extent the trial court again entered a

finding of contempt and a suspended monetary sanction its order is vacated. *See Cleveland Akron-Canton Advertising Coop.*, 2016-Ohio-30309, at ¶ 11.

**{¶11}** Pietrangelo's third assignment of error is overruled.

## ASSIGNMENT OF ERROR I

[THE TRIAL COURT'S] DECEMBER 28, 2016 FINDINGS/HOLDINGS/RULINGS (INCLUDING INCORPORATED EARLIER FINDINGS/RULINGS), FINDING/HOLDING PIETRANGELO IN CONTEMPT, FINING HIM $500 (SUSPENDED), AND DISMISSING HIS CASE WITH PREJUDICE, AND THE ORDER/JUDGMENT ENTRY OF SAME, WERE PLAIN ERROR, PREJUDICIAL ERROR, AND/OR ABUSE OF DISCRETION, INCLUDING DUE TO EACH OF THE FOLLOWING SEPARATE ERRORS/ABUSED OF DISCRETION WHICH ARE FULLY INCORPORATED HEREIN AS THE DISCUSSION FOR THIS ASSIGNMENT OR ERROR.

**{¶12}** With respect to Pietrangelo's first assignment of error, the only argument he offers is the text of his assignment of error. While the text of the assignment of error attempts to incorporate all of his subsequent argument, in light of the fact that Pietrangelo's brief is 30 pages, such is clearly an attempt to circumvent the pages limits established in this Court's local rules. *See* Loc.R. 7(E). This Court will not condone Pietrangelo's disregard for the local rules and will not address this assignment of error which has not been separately argued in his brief. *See* Loc.R. 7(B)(7).

**{¶13}** Pietrangelo's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

[THE TRIAL COURT] NON-RANDOMLY PRESIDED OVER SEVEN CONTEMPORANEOUS BUT SEPARATE LORAIN COUNTY COURT OF COMMON PLEAS CASES INVOLVING PIETRANGELO, INCLUDING THE INSTANT CASE, IN A DELIBERATE EFFORT TO RULE AGAINST PIETRANGELO.

**{¶14}** Pietrangelo argues in his second assignment of error that the trial judge in this matter non-randomly presided over seven separate common pleas cases, including the underlying

case, and that he did so in contravention of the local rules and in an attempt "to fix the cases against Pietrangelo."

{¶15} First, we note that Pietrangelo acknowledges in his brief that the current trial judge only began presiding over the instant matter after being formally assigned by the Supreme Court. This assignment occurred after the initial trial judge recused himself after Pietrangelo filed two affidavits of disqualification against that trial judge. Additionally, the record contains a filing from the Supreme Court indicating that the current trial judge was assigned by the Supreme Court after the Administrative Judge of the Lorain County Court of Common Pleas requested the assignment of a visiting judge. Pietrangelo has failed to offer an argument explaining how this assignment in this case violated the law. *See* App.R. 16(A)(7).

{¶16} To the extent Pietrangelo attempts to challenge the trial judge's assignments to other cases that Pietrangelo is apparently involved in, those cases are not before us and neither are those records. This Court has no jurisdiction to decide issues related to cases that are not before us on appeal.

{¶17} Thus, Pietrangelo's argument that the trial judge's multiple "non-random" assignments to Pietrangelo's cases and the judge's rulings against Pietrangelo were "unconstitutional and violated due process" cannot succeed on appeal. Even assuming the merits of the argument could be addressed by this Court, the evidence that Pietrangelo argues supports his claim is not in the record before us. In other words, based on the record before us, Pietrangelo has not demonstrated that the trial court improperly presided over seven of Pietrangelo's cases or even that the trial judge repeatedly ruled against him in those seven cases as the records of those other cases are not part of the record of this case.

{¶18} Pietrangelo's second assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

[THE TRIAL COURT] DID NOT PROVIDE A CLEAR AND COMPLETE RECITAL OF THE FACTS AND BASES UPON WHICH HE FOUND/HELD PIETRANGELO IN CONTEMPT.

{¶19} Pietrangelo argues in his fourth assignment of error that the trial court erred in failing to provide a complete recital of the facts and reasons upon which the trial court found Pietrangelo in contempt in its December 28, 2016 order.

{¶20} Pietrangelo's argument is without merit. The trial court in its September 21, 2015 order found Pietrangelo in contempt and issued a suspended monetary sanction. The finding of contempt was affirmed on appeal. *See Pietrangelo*, 2016-Ohio-8201, ¶ 20-24. Those findings cannot now be challenged again. *See Nolan v. Nolan*, 11 Ohio St.3d. 1, 4 (1984) ("Thus, the decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court."). Further, to the extent the trial court appears to have exceeded its authority on remand by again finding Pietrangelo in contempt in the December 28, 2016 order, that portion of the entry has been vacated above.

{¶21} Pietrangelo's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR V

[THE TRIAL COURT] DENIED PIETRANGELO NOTICE OF, AND A MEANINGFUL OPPORTUNITY TO RESPOND TO/IN, AVON LAKE'S CONTEMPT MOTION AND THE RESULTING IMPROMPTU CONTEMPT HEARING DURING THE TRIAL[.]

## ASSIGNMENT OF ERROR VI

[THE TRIAL COURT'S] PREDECESSOR PREJUDICIALLY ORDERED PIETRANGELO TO PROVIDE AN EMAIL ACCOUNT FOR SERVICE[.]

## ASSIGNMENT OF ERROR VII

[THE TRIAL COURT] PREJUDICIALLY REFUSED TO CONTINUE THE IMPROMPTU CONTEMPT HEARING.

**ASSIGNMENT OF ERROR VIII**

[THE TRIAL COURT] MIS-CHARACTERIZED PIETRANGELO'S ALLEGED CONTEMPT AS DIRECT INSTEAD OF INDIRECT, AND DENIED PIETRANGELO A FORMAL CONTEMPT TRIAL (AND ATTENDANT CONSTITUTIONAL SAFEGUARDS) TO WHICH PIETRANGELO WAS ENTITLED.

**ASSIGNMENT OF ERROR IX**

[THE TRIAL COURT] ACTUALLY FOUND PIETRANGELO GUILTY OF CRIMINAL CONTEMPT, BUT DID NOT PROVIDE HIM THE REQUISITE CONSTITUTIONAL DUE PROCESS PROTECTIONS.

**ASSIGNMENT OF ERROR X**

[THE TRIAL COURT'S] CONTEMPT FINDINGS/HOLDINGS WERE ARBITRARY/UNREASONABLE, AND WERE NOT SUPPORTED BY THE EVIDENCE BEYOND A REASONABLE DOUBT, THE APPLICABLE STANDARD, SEE SUPRA, OR EVEN CLEARLY AND CONVINCINGLY, THE STANDARD FOR CIVIL CONTEMPT.

**{¶22}** Pietrangelo's fifth through tenth assignments of error address arguments that this Court previously addressed in the prior appeal and overruled. *See Pietrangelo*, 2016-Ohio-8201, ¶ 20-24. It is well settled that, "the decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court." *Nolan* at 4. Pietrangelo has not provided a legally compelling reason for this Court to deviate from that rule and we overrule his arguments on that basis.

**{¶23}** Pietrangelo's fifth through tenth assignments of error are overruled.

**ASSIGNMENT OF ERROR XI**

[THE TRIAL COURT'S] CONTEMPT SANCTIONS – PARTICULARLY HIS DISMISSAL WITH PREJUDICE – WERE EXCESSIVE/UNREASONABLE.

**{¶24}** Pietrangelo argues in his eleventh assignment of error that the trial court's contempt sanctions were excessive or unreasonable. In particular, he focuses on the sanction of dismissal with prejudice.

{¶25} Both discovery and contempt sanctions are reviewed for an abuse of discretion. *See Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256 (1996) (discovery sanctions); *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11 (1981) ("This court will not reverse the decision of the court below in a contempt proceeding in the absence of a showing of an abuse of discretion.").

{¶26} To the extent that Pietrangelo contests the contempt sanction of the suspended fine, his argument is overruled as issues related to contempt, aside from the dismissal, were addressed in the prior appeal and cannot now be revisited. *See Pietrangelo*, 2016-Ohio-8201, ¶ 20-24; *Nolan*, 11 Ohio St.3d. at 4. Pietrangelo additionally argues that dismissal was an improper contempt sanction; however, after considering the record, including the transcript[1] and the trial court's journal entries addressing the issue, we conclude that the sanction of dismissal was a discovery sanction pursuant to former Civ.R. 37.

{¶27} As discussed above, on September 18, 2015, Avon Lake filed a motion to hold Pietrangelo in contempt and to dismiss his case with prejudice. Avon Lake argued that Pietrangelo refused to answer four of the interrogatories claiming that the questions were not within the scope of the trial court's order. Within the motion, Avon Lake cited to former Civ.R. 37 as a basis for dismissal. Thus, at the hearing on the motion, issues related to discovery were the primary focus, wherein the trial court recited the numerous problems that were encountered in discovery. The trial court noted that the interrogatories were presented to Pietrangelo as an accommodation and that the trial court had previously refused to impose sanctions despite

---

[1] Subsequent to the release of this Court's prior appeal, an order indicating that the court reporter who transcribed the contempt hearing was an official court reporter was filed in the trial court. Additionally, another copy of the transcript was filed in this appeal indicating that the court reporter was an official court reporter for the trial judge. Accordingly, the transcript can be considered for purposes of this appeal and the issues that are properly before us at this time.

requests from Avon Lake. The trial court also noted that Pietrangelo had been previously informed that dismissal would be a possibility if Pietrangelo failed to comply with the discovery orders.

{¶28} In the trial court's December 28, 2016 entry that is the subject of this appeal, the trial court "incorporate[d] by reference all of the earlier findings in this case, all of this Court's earlier rulings, and f[ound] that due to the Plaintiff's disobedience, resistan[ce], and refusal to comply with lawful orders of this Court, efforts to obstruct and delay appropriate discovery requests, this case is dismissed with prejudice. The Court [further] f[ound] that the Plaintiff has acted in bad faith and vexatiously."

{¶29} One of the trial court's prior rulings, that it appears to have incorporated in its December 28, 2016 entry, was the September 21, 2015 entry in which the trial court found Pietrangelo in contempt and attempted to dismiss the action. That entry was the subject of the prior appeal.

{¶30} Therein the trial court stated:

The discovery aspect of this law suit has been strained. The Plaintiff has not acted in good faith and has proceeded in a man[ner] designed to obstruct discovery rather than to accomplish same. The Plaintiff refused to answer appropriate Rule 33 Interrogatories, refused to respond to questions in the deposition held on July 27, 2015, advised his client-brother, Lee Pietrangelo not to answer, and refused to fully and completely answer Interrogatories submitted to him on September 11, 2015. It is noted that the use of interrogatories was an accommodation for both James and Lee Pietrangelo.

The complained of questions are not in the area of privilege nor do they relate to trade secrets. The Plaintiff was specifically ordered to answer the Defendant's questions and appropriate follow-up questions.

The Court is mindful that the law abhors resolution by default. In this case, the Plaintiff has been repeatedly put on notice that continued non[-]compliance with legitimate discovery requests would result in sanctions including a dismissal with prejudice of this case. This Court has declined to impose requests for sanctions filed in the past.

> The Court must enforce its orders and has inherent authority to do so. Due to the Plaintiff's disobedience, resistan[ce] to and refusal to comply with lawful orders of this Court, this case is dismissed with prejudice.[2]

{¶31} The trial court then went on to determine that Pietrangelo "acted in bad faith and vexatiously" and held him in contempt and fined him $500.00. The court then suspended the fine and concluded that "the dismissal will serve as sufficient punishment for Plaintiff's contempt."

{¶32} The wording of the entry, while certainly not ideal, nonetheless leads to the conclusion that the dismissal was not imposed as a contempt sanction. The trial court attempted to dismiss the action prior to finding Pietrangelo in contempt. After attempting to dismiss the action, only then did the trial court find Pietrangelo in contempt, fine him $500.00, and then suspend the fine. This notion is furthered by the trial court's statement that "the dismissal will serve as sufficient punishment for Plaintiff's contempt." Implicit within this phrase is the idea that the dismissal was not imposed as a contempt sanction, but would on "serve" as one.

{¶33} In addressing cases involving discovery sanctions issued pursuant to former Civ.R. 37, this Court has stated that, "[w]hile dismissal with prejudice is the harshest of sanctions, this Court will not disturb the judgment of the trial court unless the degree of the sanction is disproportionate to the seriousness of the infraction under the facts of the case." (Internal quotations and citations omitted.) *Altercare, Inc. v. Clark*, 9th Dist. Lorain No. 12CA010211, 2013-Ohio-2785, ¶ 14. "Where the record does not indicate [that] failure to comply with discovery was due to involuntary inability, such as illness, rather than willfulness, bad faith or any other fault of the noncomplying party, a trial court does not abuse its discretion

---

[2] While this Court did vacate the sanction of dismissal in the prior appeal, we did not vacate the trial court's rationale for the dismissal. *See Pietrangelo*, 2016-Ohio-8201, ¶ 19.

by dismissing the action pursuant to [former] Civ.R. 37(B)(2)(c)." (Internal quotations and citation omitted.) *Id.* "In reviewing the appropriateness of the trial court's sanction of dismissal, this court will not substitute its judgment for that of the trial court." (Internal quotations and citation omitted.) *Id.* Nonetheless, "[d]ismissal of the action, whether pursuant to Civ.R. 37 or 41, is proper only after notice to the plaintiff's counsel." *Aydin Co. Exchange, Inc. v. Marting Realty,* 118 Ohio App.3d 274, 280 (9th Dist.1997).

{¶34} Pietrangelo has only challenged the trial court's dismissal as a contempt sanction, not as a discovery sanction. Thus, Pietrangelo has not explained how the trial court's dismissal violated former Civ.R. 37, and this Court will not sua sponte construct an argument for him. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Further, while Pietrangelo complains that the sanction was disproportionate to his conduct, he does so by focusing on the fact that he only failed to answer a small number of interrogatories. In so doing, he fails to acknowledge that the history of discovery conduct can be considered in fashioning an appropriate sanction. *See Foley v. Nussbaum*, 2d Dist. Montgomery No. 24572, 2011-Ohio-6701, ¶ 31, quoting *Russo v. Goodyear Tire & Rubber Co.*, 36 Ohio App.3d 175, 178 (9th Dist.1987) ("In determining whether the sanction of dismissal is warranted, the trial court should consider 'the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate.'"); *see also Sutton v. Douglas*, 9th Dist. Summit No. 26958, 2014-Ohio-1337, ¶ 14, 16. Based on the trial court's September 21, 2015 entry, it is clear the trial court considered the history of the case in imposing the sanction. *See Sutton* at ¶ 14, 16. In light of

Pietrangelo's limited argument on appeal and the record before us, Pietrangelo has not demonstrated that the trial court abused its discretion in dismissing the action with prejudice.

**{¶35}** Pietrangelo's eleventh assignment of error is overruled.

## ASSIGNMENT OF ERROR XII

[THE TRIAL COURT] HELD A HEARING IN ABSENTIA OF PIETRANGELO AND WITHOUT NOTICE TO HIM[.]

## ASSIGNMENT OF ERROR XIII

[THE TRIAL COURT] WRONGLY STATED THAT PIETRANGELO HAD BEEN TELEPHONICALLY NOTIFIED/DULY NOTIFIED OF THE HEARING[.]

## ASSIGNMENT OF ERROR XIV

[THE TRIAL COURT] WRONGLY STATED THAT PIETRANGELO TOLD COURT STAFF HE WOULD NOT BE APPEARING FOR THE HEARING[.]

## ASSIGNMENT OF ERROR XV

DURING THE HEARING, [THE TRIAL COURT] SCHEDULED DEPOSITIONS FOR PIETRANGELO AND HIS BROTHER WITHOUT REASONABLE NOTICE AND WITHOUT A SUBPOENA FOR THE LATTER[.]

## ASSIGNMENT OF ERROR XVI

[THE TRIAL COURT] DENIED THE PIETRANGELOS' EMERGENCY MOTION FOR A PROTECTIVE ORDER AND TO QUASH THE DEPOSITIONS DESPITE THE LACK OF NOTICE/SUBPOENA[.]

## ASSIGNMENT OF ERROR XVII

[THE TRIAL COURT] DISREGARDED THE PIETRANGELOS' COMPLAINTS – BOTH DURING AND AFTER THE PIETRANGELOS' RESCHEDULED JULY 27, 2015 DEPOSITIONS – OF HARASSMENT BY AVON LAKE'S COUNSEL, INCLUDING AMONG OTHER THINGS, THEIR DEPOSING PIETRANGELO'S BROTHER (AGAIN A NON-PARTY) FOR APPROXIMATELY THREE HOURS, AND ASKING THE PIETRANGELOS FOR PRIVILEGED INFORMATION, AND/OR FOR SENSITIVE OR BURDENSOME PERSONAL INFORMATION THAT WOULD NOT HAVE REASONABLY HAVE LED TO THE DISCOVERY OF ADMISSIBLE EVIDENCE[.]

## ASSIGNMENT OF ERROR XVIII

DURING THE SEPTEMBER 10, 2015 FINAL PRE-TRIAL HEARING, [THE TRIAL COURT] IMPLICITLY SUMMARILY OVERRULED THE PIETRANGELO[S'] DEPOSITION OBJECTIONS UNDER HIS EXTREME PHILOSOPHY THAT THEY HAD NO RIGHT TO OBJECT AT ALL DURING THE DEPOSITIONS.

## ASSIGNMENT OF ERROR XIX

[THE TRIAL COURT] HEARD AVON LAKE'S SEPTEMBER 3, 2015 MOTION TO COMPEL DEPOSITION ANSWERS IN VIOLATION OF THE PIETRANGELO[S'] RIGHTS.

{¶36} In light of our resolution of Pietrangelo's eleventh assignment of error, which affirmed the trial court's dismissal of Pietrangelo's case, Pietrangelo's twelfth through nineteenth assignments of error have been rendered moot and will therefore not be addressed. *See* App.R. 12(A)(1)(c).

III.

{¶37} Pietrangelo's first through eleventh assignments of error are overruled. Pietrangelo's twelfth through nineteenth assignments of error are moot. To the extent the trial court's December 28, 2016 entry imposes contempt and a suspended monetary sanction, the entry is vacated as exceeding the scope of this Court's remand. The judgment of the Lorain County Court of Common Pleas is affirmed in part, and vacated in part.

Judgment affirmed in part,
and vacated in part.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JAMES E. PIETRANGELO, II, pro se, Appellant.

MARGARET M. KOESEL and TRACEY L. TURNBULL, Attorneys at Law, for Appellee.

ABRAHAM LIEBERMAN, Law Director, and DAVID M. GRAVES, Assistant Law Director for Appellee.