[Cite as *State v. Fitzgerald*, 2019-Ohio-1038.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

RYAN FITZGERALD

    Appellant

C.A. No.    18CA0031-M

APPEAL FROM JUDGMENT
ENTERED IN THE
WADSWORTH MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.    17TRC01808

DECISION AND JOURNAL ENTRY

Dated: March 25, 2019

CALLAHAN, Judge.

**{¶1}** Appellant, Ryan Fitzgerald, appeals an order that denied his motion to suppress. This Court affirms.

I.

**{¶2}** A Wadsworth police officer initiated a traffic stop of Mr. Fitzgerald's vehicle after he observed Mr. Fitzgerald driving over the posted speed limit. After the officer noted the scent of unburnt marijuana and spoke with the occupants of the vehicle, he detained Mr. Fitzgerald for the purpose of performing several field sobriety tests. The officer arrested Mr. Fitzgerald at the conclusion of the tests and obtained a urine sample for analysis.

**{¶3}** Mr. Fitzgerald moved to suppress the evidence gained as a result of the traffic stop, arguing that the officer lacked reasonable suspicion to detain him to conduct field sobriety tests, that the officer lacked probable cause to arrest him, and that neither the field sobriety tests nor the urine sample collection substantially complied with applicable regulations. The trial

court denied the motion to suppress. Mr. Fitzgerald pleaded no contest to the charge of operating a vehicle with a prohibited level of marijuana in his urine, and the trial court dismissed the remaining charges against him. Mr. Fitzgerald filed this appeal.

II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT'S MOTION TO SUPPRESS.

{¶4} Mr. Fitzgerald's assignment of error is twofold: first, he argues that the trial court did not afford proper weight to evidence that indicated lack of impairment; second, he argues that the trial court erred by concluding that the collection of his urine sample substantially complied with applicable regulations.

{¶5} This Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact. *Id.*; *State v. Hopfer*, 112 Ohio App.3d 521, 548 (2d Dist.1996), quoting *State v. Venham*, 96 Ohio App.3d 649, 653 (4th Dist.1994). Consequently, this Court accepts a trial court's findings of fact if supported by competent, credible evidence. *Burnside* at ¶ 8. Once this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo. *See id.* In other words, this Court then accepts the trial court's findings of fact as true and "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶6}    Although Mr. Fitzgerald has not explicitly argued that the trial court's findings of facts are not supported by competent, credible evidence, both aspects of his assignment of error require this Court to determine whether the trial court properly considered the evidence from the suppression hearing. This Court is unable to do so, however, because the transcript of the suppression hearing cannot be considered as part of the record on appeal.

{¶7}    App.R. 9(B)(2) describes the preparation of transcripts for the appellate record:

> Any stenographic/shorthand reporter selected by the trial court to record the proceedings may also serve as the official transcriber of those proceedings without prior trial court approval.  Otherwise, the transcriber of the proceedings must be approved by the trial court.  A party may move to appoint a particular transcriber or the trial court may appoint a transcriber sua sponte; in either case, the selection of the transcriber is within the sound discretion of the trial court, so long as the trial court has a reasonable basis for determining that the transcriber has the necessary qualifications and training to produce a reliable transcript that conforms to the requirements of App.R. 9(B)(6).

Loc.R. 6(B) also explains that every transcript must contain a court reporter's certification that reflects the court reporter's appointment by the trial court.   In addition, Loc.R. 6(C) provides:

> No transcript of proceedings shall be considered as a part of the record on appeal unless one of the following applies:
>
> (1) The court reporter has certified the transcript as provided in subsection (B) of this rule;
>
> (2) The record contains an entry of the trial court appointing the court reporter who has certified the transcript;
>
> (3) The transcript is a part of the original papers and exhibits filed in the trial court;
>
> (4) The transcript has been incorporated into an App.R. 9(C) statement that has been approved by the trial court; or,
>
> (5) The court of appeals has granted a motion to supplement the record with a transcript that was filed in a prior appeal.

{¶8}    Mr. Fitzgerald's docketing statement indicated that the record on appeal would consist solely of the original papers filed in the trial court.   Nonetheless, a transcript of

proceedings was filed with the clerk of the court of appeals by Mr. Fitzgerald. The court reporter who prepared that transcript certified that she was employed by Mr. Fitzgerald's attorney, but she did not certify that she had been appointed by the trial court as the official transcriber of proceedings. *See* App.R. 9(B)(2); Loc.R. 6(B) and (C). The record does not contain an entry reflecting her appointment by the trial court, and the transcript was not part of the original papers filed with the trial court. *See* Loc.R. 6(C)(2) and (3). The transcript was also not made part of the record through operation of the remaining portions of Loc.R. 6(C). Consequently, the transcript cannot be considered part of the record on appeal.

{¶9} The obligation to provide all portions of the record necessary for appellate review falls to the appellant. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.* Similarly, when a transcript cannot be considered part of the record because it does not comply with the requirements of App.R. 9(B) and Loc.R. 6(C), this Court must presume regularity if the transcript is necessary to determine the appeal. *See Pietrangelo v. Avon Lake*, 9th Dist. Lorain Nos. 15CA010804, 15CA010873, 2016-Ohio-8201, ¶ 21-24.

{¶10} Mr. Fitzgerald's arguments require this Court to consider not merely the trial court's findings, but the evidence presented at the suppression hearing. Because the transcript of that hearing is not part of the appellate record pursuant to App.R. 9(B) and Loc.R. 6(C), this Court must presume regularity and affirm the trial court's judgment. Mr. Fitzgerald's assignment of error is, therefore, overruled.

III.

{¶11} Mr. Fitzgerald's assignment of error is overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

BLAISE KATTER, Attorney at Law, for Appellant.

MARK GARDNER, Attorney at Law, for Appellant.

THOMAS J. MORRIS, Director of Law, for Appellee.