[Cite as *State v. Drurey*, 2020-Ohio-227.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

BRIAN DRUREY

    Appellant

C.A. No.     18CA0098-M

APPEAL FROM JUDGMENT
ENTERED IN THE
WADSWORTH MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.    2018 TRC 00680

DECISION AND JOURNAL ENTRY

Dated: January 27, 2020

CARR, Judge.

{¶1}    Defendant-Appellant Brian Drurey appeals from the judgment of the Wadsworth Municipal Court. This Court affirms.

I.

{¶2}    Following a single car accident in Wadsworth, Drurey was charged with two counts of operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d) and one count of failure to control. Drurey filed a motion to suppress, which was denied following a hearing. Before the start of the jury trial, the State dismissed the R.C. 4511.19(A)(1)(a) charge. The matter proceeded to a jury trial for the alleged violation of R.C. 4511.19(A)(1)(d) and a bench trial on the failure to control charge. Drurey was found guilty of the charges and subsequently sentenced.

{¶3}    Drurey has appealed, raising five assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT'S DECISION TO DENY APPELLANT'S CHALLENGE FOR CAUSE OF A FORMER PROSECUTING ATTORNEY DURING JURY SELECTION WAS AN ABUSE OF DISCRETION.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT'S DECISION NOT TO ADMIT THE PRIOR THEFT CONVICTION OF [THE EYEWITNESS] WAS AN ABUSE OF DISCRETION.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT'S DECISION NOT TO ALLOW THE TESTIMONY OF [A CERTAIN WITNESS] WAS AN ABUSE OF DISCRETION.

## ASSIGNMENT OF ERROR V

APPELLANT'S CONVICTIONS FOR OPERATING A VEHICLE WITH A PROHIBITED BLOOD-ALCOHOL CONTENT AND FAILURE TO CONTROL WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF ARTICLE IV, SECTION 3 OF THE OHIO CONSTITUTION.

{¶4} Drurey argues in his first assignment of error that the trial court erred in denying his motion to suppress. He argues in his second assignment of error that the trial court erred in failing to strike a juror for cause. Drurey asserts in his third and fourth assignment of errors that the trial court erred in failing to allow certain testimony. Drurey maintains in his fifth assignment of error that his convictions were against the manifest weight of the evidence.

{¶5} Each of Drurey's assignments of error requires review of the transcripts of the proceedings. However, because the transcripts filed in this matter cannot be considered as part

of the record on appeal, we are unable to do so. *See State v. Fitzgerald*, 9th Dist. Medina No.

18CA0031-M, 2019-Ohio-1038, ¶ 6.

> **{¶6}** App.R. 9(B)(2) provides:
>
> Any stenographic/shorthand reporter selected by the trial court to record the proceedings may also serve as the official transcriber of those proceedings without prior trial court approval. Otherwise, the transcriber of the proceedings must be approved by the trial court. A party may move to appoint a particular transcriber or the trial court may appoint a transcriber sua sponte; in either case, the selection of the transcriber is within the sound discretion of the trial court, so long as the trial court has a reasonable basis for determining that the transcriber has the necessary qualifications and training to produce a reliable transcript that conforms to the requirements of App.R. 9(B)(6).

"Loc.R. 6(B) also explains that every transcript must contain a court reporter's certification that

reflects the court reporter's appointment by the trial court." *Fitzgerald* at ¶ 7. Moreover, Loc.R.

6(C) states:

> No transcript of proceedings shall be considered as a part of the record on appeal unless one of the following applies:
>
> (1) The court reporter has certified the transcript as provided in subsection (B) of this rule;
>
> (2) The record contains an entry of the trial court appointing the court reporter who has certified the transcript;
>
> (3) The transcript is a part of the original papers and exhibits filed in the trial court;
>
> (4) The transcript has been incorporated into an App.R. 9(C) statement that has been approved by the trial court; or,
>
> (5) The court of appeals has granted a motion to supplement the record with a transcript that was filed in a prior appeal.

**{¶7}** The record in the instant appeal contains three volumes of transcripts, each

certified by an individual affiliated with Premier Court Reporting. The individual did not certify

that she was appointed by the trial court as the official transcriber of proceedings. *See Fitzgerald*

at ¶ 8; Loc.R. (6)(B) and (C). "The record does not contain an entry reflecting her appointment

by the trial court, and the transcript was not part of the original papers filed with the trial court. *See* Loc.R. 6(C)(2) and (3). The transcript was also not made part of the record through operation of the remaining portions of Loc.R. 6(C)." *Fitzgerald* at ¶ 8. Nor does the record indicate that Premier Court Reporting was appointed by the trial court as the official court reporter. Instead, the record discloses that, initially, the trial court appointed Mehler & Hagestrom as the official court reporter. Later, upon motion by Drurey's counsel, the trial court appointed Associated Court Reporting, Inc. as the official court reporter. The record before this Court does not evidence that the individual who transcribed the proceedings before us, or the company she is affiliated with, was ever appointed as the official court reporter by the trial court. Thus, unfortunately, this Court cannot consider the transcripts as part of the record on appeal. *See id.*

{¶8} "The obligation to provide all portions of the record necessary for appellate review falls to the appellant." *Fitzgerald*, 2019-Ohio-1038, at ¶ 9, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "'When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'" *Fitzgerald* at ¶ 9, quoting *Knapp* at 199. "Similarly, when a transcript cannot be considered part of the record because it does not comply with the requirements of App.R. 9(B) and Loc.R. 6(C), this Court must presume regularity if the transcript is necessary to determine the appeal." *Fitzgerald* at ¶ 9.

{¶9} Because the transcripts are necessary to resolve all of Drurey's assignments of error, and they are not a proper part of the record on appeal, we are required to presume regularity in the trial court's proceedings and affirm its judgment. *See id.* at ¶ 10.

**{¶10}** On that basis, Drurey's assignments of error are overruled.

III.

**{¶11}** Drurey's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

BRIAN A. SMITH, Attorney at Law, for Appellant.

THOMAS MORRIS, Assistant Director of Law, for Appellee.