[Cite as *Steffen v. Steffen*, 2021-Ohio-3277.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

LINDA STEFFEN

    Appellee

    v.

WALLACE STEFFEN, JR., et al.

    Appellant

C.A. No.     20CA011637


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    2015PC00056

DECISION AND JOURNAL ENTRY

Dated: September 20, 2021

---

CARR, Presiding Judge.

{¶1}    Defendant-Appellant Wallace R. Steffen, Jr. ("Mr. Steffen"), individually, and as successor trustee, appeals the judgments of the Lorain County Court of Common Pleas, Probate Division. This Court affirms.

I.

{¶2}    On June 8, 2004, the Revocable Living Trust of Wallace R. Steffen, Sr. ("the Trust") was established. Wallace R. Steffen, Sr. ("Father") was named the settlor and trustee in the Declaration of Trust Agreement. Mr. Steffen and Plaintiff-Appellee Linda Steffen ("Ms. Steffen") are Father's children and beneficiaries of the trust.

{¶3}    On June 2, 2010, Mr. Steffen became the successor trustee of the Trust when Father became incapacitated by dementia. Father died on March 7, 2015.

{¶4}    On June 8, 2015, Ms. Steffen filed a complaint against Mr. Steffen individually and in his capacity as the successor trustee. The complaint contained two counts: one for breach

of trust and a second seeking "avoidance of [Mr. Steffen's] self[-]loans[.]" Ms. Steffen sought an accounting of the actions taken by Mr. Steffen as successor trustee, "voiding" of Mr. Steffen's self-loans, distribution of the non-note assets of the Trust to Ms. Steffen, an order requiring Mr. Steffen to pay any deficiency between the value of Ms. Steffen's trust share and the value of the non-note assets, and an order requiring Mr. Steffen to pay Ms. Steffen's attorney fees.

{¶5} Ms. Steffen alleged that Mr. Steffen allowed more than two thirds of the Trust's total value to be converted into loans to himself for his personal use, used property of the Trust without paying rent or costs, and denied Ms. Steffen access to property of the Trust. She also claimed, inter alia, that Mr. Steffen failed to provide an annual report and that Mr. Steffen failed to exercise his authority in the best interest of the beneficiaries.

{¶6} Ultimately, the matter proceeded to a multi-day trial. The trial court found in favor of Ms. Steffen in the amount of $165,174.52, plus interest. The trial court also awarded Ms. Steffen her attorney fees, which were to be determined at a subsequent hearing. Mr. Steffen filed a motion for relief from judgment and then a notice of appeal.

{¶7} The appeal was dismissed for lack of a final appealable order and the matter was stayed in the trial court following Mr. Steffen's filing for bankruptcy. When the stay was lifted, a hearing on attorney fees was held in September 2019.

{¶8} The trial court awarded Ms. Steffen $209,502.00 in attorney fees and litigation expenses of $3,198.83. The trial court also denied Mr. Steffen's motion for relief from judgment.

{¶9} Mr. Steffen appealed, but after he failed to respond to an order of this Court, the appeal was dismissed. It was subsequently reinstated. Mr. Steffen raises four assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ITS COMPUTATION OF DAMAGES BY ADDING BACK IN CREDITS THE APPELLANT TOOK, TRUSTEE FEES HE TOOK, TRAVEL COSTS HE TOOK, PROFESSIONAL FEES HE EXPENDED, AND OTHER EXPENSES ADDING THEM TO THE APPELLANT'S DEBT TO THE TRUST.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT PERMITTED INTO EVIDENCE THE APPELLEE'S EXHIBIT 15 AS A SUMMARY UNDER EVID.R. 1006.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT DID NOT FIND THAT THE APPELLEE'S COMPLAINT WAS BARRED IN WHOLE OR IN PART BY LACHES.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AWARDED THE AMOUNT OF ATTORNEY FEES IT DID.

{¶10} Mr. Steffen argues in his first assignment of error that the trial court erred in disallowing various expenditures and credits that Mr. Steffen took. In so doing, he argues that he did not act with a malevolent purpose and that he intended to repay the loans he took. In his second assignment of error, Mr. Steffen asserts that the trial court erred in admitting Exhibit 15 at trial. Mr. Steffen maintains in his third assignment of error that the trial court erred in failing to conclude that Ms. Steffen's complaint was barred by laches. Mr. Steffen argues in his fourth assignment of error that the trial court abused its discretion in awarding the attorney fees it did.

{¶11} Each of Mr. Steffen's assignments of error requires review of the relevant transcripts of the proceedings. However, because the transcripts filed in this matter cannot be considered as part of the record on appeal, we are unable to review the merits of his arguments. *See State v. Drurey*, 9th Dist. Medina No. 18CA0098-M, 2020-Ohio-227, ¶ 5.

**{¶12}** App.R. 9(B)(2) states:

Any stenographic/shorthand reporter selected by the trial court to record the proceedings may also serve as the official transcriber of those proceedings without prior trial court approval. Otherwise, the transcriber of the proceedings must be approved by the trial court. A party may move to appoint a particular transcriber or the trial court may appoint a transcriber sua sponte; in either case, the selection of the transcriber is within the sound discretion of the trial court, so long as the trial court has a reasonable basis for determining that the transcriber has the necessary qualifications and training to produce a reliable transcript that conforms to the requirements of App. R. 9(B)(6).

**{¶13}** "Loc.R. 6(B) also explains that every transcript must contain a court reporter's certification that reflects the court reporter's appointment by the trial court." *State v. Fitzgerald*, 9th Dist. Medina No. 18CA0031-M, 2019-Ohio-1038, ¶ 7. Moreover, Loc.R. 6(C) states:

No transcript of proceedings shall be considered as a part of the record on appeal unless one of the following applies:

(1) The court reporter has certified the transcript as provided in subsection (B) of this rule;

(2) The record contains an entry of the trial court appointing the court reporter who has certified the transcript;

(3) The transcript is a part of the original papers and exhibits filed in the trial court;

(4) The transcript has been incorporated into an App.R. 9(C) statement that has been approved by the trial court; or,

(5) The court of appeals has granted a motion to supplement the record with a transcript that was filed in a prior appeal.

**{¶14}** The record in the instant appeal contains four volumes of transcripts, each certified by an individual affiliated with Tackla & Associates. The individual did not certify that he or she was appointed by the trial court as the official transcriber of proceedings. *See Drurey* at ¶ 7, citing *Fitzgerald* at ¶ 8; Loc.R. (6)(B) and (C). Further, "[t]he record does not contain an entry reflecting [his or] her appointment by the trial court, and the transcript[s] w[ere] not part of the original papers filed with the trial court. *See* Loc.R. 6(C)(2) and (3). The transcript[s] w[ere]

also not made part of the record through operation of the remaining portions of Loc.R. 6(C)." *Drurey* at ¶ 7, quoting *Fitzgerald* at ¶ 8.

{¶15} "The obligation to provide all portions of the record necessary for appellate review falls to the appellant." *Drurey* at ¶ 8, quoting *Fitzgerald*, 2019-Ohio-1038, at ¶ 9, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "'When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'" *Drurey* at ¶ 8, quoting *Fitzgerald* at ¶ 9, quoting *Knapp* at 199. "Similarly, when a transcript cannot be considered part of the record because it does not comply with the requirements of App.R. 9(B) and Loc.R. 6(C), this Court must presume regularity if the transcript is necessary to determine the appeal." *Drurey* at ¶ 8, quoting *Fitzgerald* at ¶ 9.

{¶16} Because the transcripts are necessary to resolve all of Mr. Steffen's assignments of error, and they are not a proper part of the record on appeal, we are required to presume regularity in the trial court's proceedings and affirm its judgment. *See Drurey* at ¶ 9, citing *Fitzgerald* at ¶ 10. Moreover, our review is further hampered because the trial exhibits are not in this Court's record.

{¶17} Mr. Steffen's assignments of error are overruled.

III.

{¶18} Mr. Steffen's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

CHRISTOPHER R. FORTUNATO, Attorney at Law, for Appellant.

LINDS STEFFEN, pro se, Appellee.