DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} Craig and Karen Bevan divorced in 1995 after 21 years of marriage. The trial court's judgment entry awarded Karen an interest in Craig's monthly retirement payments. The trial court's supplemental judgment entry also awarded Karen an interest in Craig's retirement benefits. When Craig retired, he elected to receive disability retirement benefits instead of an age and service pension. Karen sought her share of Craig's benefits, and the trial court entered a division of property order directing the Ohio Police and Fire Pension Fund to distribute part of them to her. This Court affirms because Craig's disability retirement benefits *Page 2 
were included in the trial court's award to Karen and because the trial court had authority to enter additional orders to enforce its decree.
 FACTS {¶ 2} On February 27, 1995, the Lorain County Domestic Relations Court issued a judgment entry for divorce. Because Craig was working as a fireman for the City of Elyria, the court, with the parties' agreement, awarded Karen "[a]n interest in [Craig's] Police and Fireman's Pension Fund . . . as and for alimony and subject to further order of [the] court in the event that the Ohio Legislature elects to make [the fund] subject to a Qualified Domestic Relations Order." The trial court attached an exhibit to its judgment entry, stating that, at the time Craig actually received monthly retirement payments from the Pension Fund, he would have to pay Karen spousal support from those payments. It further stated that any amount Karen received from Craig would be included in her gross income and deducted from his gross income.
 {¶ 3} In June 2001, the trial court entered a supplemental judgment entry of divorce regarding Craig's retirement fund. The court found that the fund was a marital asset and reiterated that it intended to provide Karen part of Craig's benefits through an order for support. The Court noted that the parties agreed Craig would retain his Pension Fund account "with the exception that [Karen] shall receive monthly benefits. . . ." *Page 3 
 {¶ 4} Craig retired later that year. After the Pension Fund determined that Craig was entitled to disability benefits, he elected to accept a disability retirement grant instead of an age and service pension. Craig acknowledged that he understood that his "disability benefit is fixed and cannot be reclassified or changed to a service retirement in the future."
 {¶ 5} In 2002, legislation went into effect permitting courts to issue division of property orders for government-funded retirement plans. The trial court subsequently issued a division of property order directing the Pension Fund to pay Karen part of Craig's "[a]ge and service monthly retirement benefit." Because Craig was only receiving disability benefits, however, the order was ineffective. Karen submitted a revised division of property order, and, on September 15, 2004, the trial court filed a journal entry approving it. The trial court limited Karen's interest "to that which she would have received if [Craig] was receiving [a Pension Fund] age and service monthly retirement benefit." On December 22, 2004, the trial court entered a revised division of property order, directing the Pension Fund to pay Karen from either Craig's age and service retirement benefit or his disability monthly benefit. Craig has appealed, assigning two errors.
 UNAMBIGUOUS JUDGMENT ENTRIES {¶ 6} Craig's first assignment of error is that the trial court incorrectly entered a division of property order granting Karen part of his monthly disability *Page 4 
benefits. He has asserted that the trial court lacked authority to grant Karen an interest in those payments because its judgment and supplemental judgment entries did not include express language permitting it to do so.
 {¶ 7} "[Retirement benefits earned during the course of a marriage are marital assets and a factor to be considered not only in the division of property, but also in relationship to an award of alimony." Hoyt v.Hoyt, 53 Ohio St. 3d 177, 178-79 (1990); R.C. 3105.171(A)(3)(a)(i). "Disability benefits are not marital property unless they are accepted by the retiree in lieu of retirement pay, in which case they are marital property to the extent that retirement pay value is included therein."Hyder v. Hyder, 9th Dist. No. 06CA0014, 2006-Ohio-5285, at ¶ 37 (quotingElsass v. Elsass, 2d Dist. Nos. 93-CA-0005, 93-CA-0016, 1993 WL 541610
at *5 (Dec. 29, 1993)). Once a division of property is made, it is not subject to future modification by a trial court, even if the court explicitly attempts to retain modification power. Bowen v. Bowen, 132 Ohio App. 3d 616, 634 (1999) (citing R.C. 3105.171(I)). A court, however, may construe and clarify its own judgments. Id.; see R.C.3105.89(B) (providing that a trial court can modify an order entered under Section 3105.171 in order to enforce the order).
 {¶ 8} The trial court's judgment entries were unambiguous in awarding Karen an interest in Craig's retirement benefits. The 1995 judgment entry provided Karen with an interest in Craig's Pension Fund benefits and further provided that, at the time Craig actually received monthly retirement payments, he *Page 5 
would have to pay Karen spousal support from those payments. The 2001 supplemental judgment entry reiterated that it was the trial court's intention to ensure Karen received part of Craig's monthly Pension Fund benefits.
 {¶ 9} When Craig retired, he had the option of receiving pension benefits under Section 742.37(C) of the Ohio Revised Code or disability benefits under Section 742.39(C) of the Ohio Revised Code. Both options constitute a "retirement allowance" as defined in Section 742.01(I) of the Ohio Revised Code. Accordingly, even though Craig elected to receive disability retirement benefits instead of an age and service pension, this Court concludes the trial court's judgment entries granted Karen an interest in those payments. The trial court did not err as a matter of law when it entered a division of property order to that effect. Craig's first assignment of error is overruled.
 TAXABLE INCOME {¶ 10} Craig's second assignment of error is that the trial court abused its discretion when it entered a division of property order awarding Karen part of his monthly disability benefits. He has asserted that the judgment entries only awarded Karen an interest in his taxable benefits. Because, according to him, his monthly disability benefits are not taxable income, the trial court's division of property order was an unauthorized modification of its judgment entries.
 {¶ 11} The trial court's 1995 judgment entry provided that "[a]s the gross amount received by [Craig] will be included in his gross income for income tax *Page 6 
purposes, the amount paid to [Karen] shall be considered spousal support and shall be included in her gross income. . . ." Its 2001 supplemental judgment entry provided that Craig's Pension Fund "account will be an income source for [Craig] pursuant to the Ohio Revised Code out of which an order for support for [Karen] shall be paid."
 {¶ 12} Although the trial court may have assumed that Craig's retirement benefits would be taxable income, it did not make this a prerequisite for Karen to receive spousal support. Instead, the taxable income language in the judgment entries merely clarified who would be required to include Craig's benefits in their gross income for tax purposes. Just because Craig chose to receive tax-exempt disability retirement benefits, instead of taxable age and service pension benefits, did not negate the trial court's intention "to insure that [Karen] receives a portion of the monthly benefit" from Craig's Pension Fund account. The trial court, therefore, did not abuse its discretion when it entered a division of property order directing the Pension Fund to pay Karen part of Craig's monthly disability benefits. Craig's second assignment of error is overruled.
 CONCLUSION {¶ 13} The trial court did not err when it entered a division of property order directing the Pension Fund to distribute part of Craig's disability retirement benefits to Karen. Craig's assignments of error are overruled, and the judgment of the Lorain County Domestic Relations Court is affirmed. *Page 7 
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 SLABY, P. J. and MOORE, J., CONCUR. *Page 1