[Cite as *Cleveland Akron-Canton Advertising Coop. v. Physician's Weight Loss Ctrs. of Am., Inc.*, 2016-Ohio-3039.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CLEVELAND AKRON-CANTON
ADVERTISING COOPERATIVE

    Appellant

    v.

PHYSICIAN'S WEIGHT LOSS CENTERS
OF AMERICA, INC., et al.

    Appellees

C.A. No.    27535

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2010-01-0182

DECISION AND JOURNAL ENTRY

Dated: May 18, 2016

CARR, Judge.

{¶1} Plaintiff-Appellant, Cleveland Akron-Canton Advertising Cooperative, LLC ("the Cooperative"), appeals from the judgment of the Summit County Court of Common Pleas, granting Defendant-Appellee, Sparkle Wilson's, motion to stay the proceedings for arbitration. This Court reverses and remands for further proceedings.

I.

{¶2} Physician's Weight Loss Centers of America, Inc. ("Physician's Weight Loss") is an Ohio corporation that offers weight loss services and products. Its centers are operated by franchisees, all of whom sign a franchise agreement with Physician's Weight Loss when they become franchisees. The franchise agreement requires franchisees to allocate a portion of their budgets to local advertising. It also allows Physician's Weight Loss to establish advertising cooperatives in geographic areas for the purpose of administering and developing advertising

programs. Pursuant to the franchise agreement, any franchise that is located in a region with a cooperative must become a member of that cooperative and contribute to the advertising costs set by the cooperative and approved by Physician's Weight Loss.

{¶3} The Cooperative is an advertising cooperative that Physician's Weight Loss established to serve its centers in Cleveland, Akron, and Canton. All of the franchisees located within the Cooperative's geographic region signed an advertising cooperative agreement with the Cooperative. Pursuant to the advertising cooperative agreement, the franchisees were required to split equally the costs of any media purchases that were made as the result of a majority vote of the Cooperative's members. The franchisees agreed to place their respective contributions in an escrow account that was controlled by the Cooperative. According to the Cooperative, however, several franchisees within its geographic area repeatedly failed to submit their shares of the Cooperative's advertising costs. Wilson is one of the franchisees that allegedly failed to pay the Cooperative.

{¶4} The Cooperative initially brought suit against Physician's Weight Loss and Wilson in the Cuyahoga County Court of Common Pleas.[1] The Cooperative claimed that Wilson breached her contractual duties by failing to contribute to its advertising costs. It further claimed that Physician's Weight Loss breached its contractual duties by failing to enforce Wilson's payment obligation. The Cooperative alleged that it had a direct contractual relationship with Wilson as a result of the advertising cooperative agreement she had signed, and that it was an

---

[1] The suit also named several other allegedly delinquent franchisees. Because this appeal does not concern those franchisees, we do not address them.

intended third-party beneficiary of the franchise agreement that Wilson had signed with Physician's Weight Loss. The complaint also set forth claims for unjust enrichment, fraudulent inducement, and promissory estoppel.

{¶5} Subsequently, Physician's Weight Loss filed a motion to transfer the case to Summit County and to dismiss or stay the case for arbitration. Physician's Weight Loss relied on language in the franchise agreement that provided for venue in Summit County and for the arbitration of any claims arising out of the contract. Wilson then filed a motion to join in the foregoing motions, arguing that the matter should be transferred in its entirety and referred to arbitration. The Cooperative opposed both motions, and the trial court ultimately denied them. Physician's Weight Loss and Wilson then separately appealed from the court's denial of their motions. The Eighth District Court of Appeals decided the two appeals a few days apart.

{¶6} In the appeal taken by Physician's Weight Loss, the Eighth District determined that the trial court erred by refusing to stay the matter for arbitration. *Cleveland-Akron-Canton Advertising Coop. v. Physician's Weight Loss Ctrs. of Am., Inc.* ("*Physician's Weight Loss Appeal*"), 8th Dist. Cuyahoga No. 92718, 2009-Ohio-5699, ¶ 22. The Eighth District noted that the Cooperative's claims against Physician's Weight Loss arose as a result of promises that Physician's Weight Loss made in its franchise agreements. *Id.* at ¶ 11. It held that, while the Cooperative was not a signatory to the franchise agreements, it was an intended third-party beneficiary of the same. *Id.* at ¶ 19. The Eighth District held that the Cooperative, having "knowingly accepted the benefits conferred by the franchise agreements," also had to "endure its burdens." *Id.* at ¶ 17. Because the franchise agreement contained an arbitration provision, the Eighth District concluded that the Cooperative was bound to arbitrate its claims against

Physician's Weight Loss. *Id.* at ¶21. Consequently, it reversed the trial court's judgment and remanded the matter for further proceedings.

{¶7} In the appeal taken by Wilson, the Eighth District upheld the trial court's decision to deny her motion to dismiss or stay the matter for arbitration. *Cleveland-Akron-Canton Advertising Coop. v. Physician's Weight Loss Ctrs. of Am., Inc.* ("*Wilson Appeal*"), 8th Dist. Cuyahoga No. 92794, 2009-Ohio-5837, ¶ 16. The Eighth District noted that the Cooperative's claims against Wilson arose as a result of the promises that she made as a result of signing the advertising cooperative agreement. *Id.* at ¶ 13. While the franchise agreements between Physician's Weight Loss and its franchisees contained similar promises, the Eighth District held that the franchise agreement "set forth duties of individual franchisees to [Physician's Weight Loss], not to the [Cooperative]." *Id.* at ¶ 15. Because the Cooperative's claims against Wilson arose strictly from the advertising cooperative agreement and that agreement contained no arbitration clause, the Eighth District held that the Cooperative could not be forced to arbitrate its claims against Wilson. *Id.* at ¶ 15. Consequently, it affirmed the trial court's judgment, denying Wilson's motion to dismiss or stay the proceedings for arbitration. *Id.* at ¶ 16.

{¶8} Following the Eighth District's decision, Physician's Weight Loss filed another motion to transfer the case to Summit County, and the trial court granted its motion. The entire case was transferred to the Summit County Court of Common Pleas, after which the Cooperative voluntarily dismissed Physician's Weight Loss from the suit and filed an amended complaint against Wilson. Wilson answered the amended complaint, but later filed another motion to dismiss or stay the proceedings for arbitration. The Cooperative opposed the motion, citing the Eighth District's prior decision, but the court ultimately granted it and stayed the proceedings for arbitration.

{¶9} The Cooperative now appeals from the trial court's judgment and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY GRANTING DEFENDANT SPARKLE WILSON'S MOTION TO DISMISS OR STAY PENDING ARBITRATION WHEN THE LAW OF THE CASE AND THE LANGUAGE IN THE AGREEMENT ITSELF DICTATE THAT THE COOPERATIVE AGREEMENT BETWEEN APPELLANT AND MS. WILSON OR ANY OTHER FRANCHISEES DOES NOT CONTAIN AN ARBITRATION PROVISION.

{¶10} In its sole assignment of error, the Cooperative argues that the trial court erred when it granted Wilson's motion to stay the proceedings for arbitration. Specifically, it argues that the court should have denied Wilson's motion to stay pursuant to the law of the case doctrine.

{¶11} "The law of the case doctrine 'provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *Neiswinter v. Nationwide Mut. Fire Ins. Co.*, 9th Dist. Summit No. 23648, 2008-Ohio-37, ¶ 10, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). "This is necessary 'to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.'" *Szymczak v. Tanner*, 9th Dist. Medina No. 12CA0092-M, 2013-Ohio-4277, ¶ 6, quoting *Nolan* at 3. The doctrine prevents lower courts from "disregard[ing] the mandate of a superior court in a prior appeal in the same case." *Nolan* at syllabus. Likewise, it prohibits litigants from "mak[ing] new arguments to the trial court on remand that were raised or could have been raised on the first appeal." *Neiswinter* at ¶ 10.

{¶12} As previously noted, Wilson sought to stay this proceeding for arbitration while this case was still pending in Cuyahoga County. The trial court there denied her motion, and the Eighth District heard her appeal from its denial. The Eighth District determined that the Cooperative could not be forced to arbitrate its claims against Wilson because its claims against her rested on the advertising cooperative agreement and that agreement did not have an arbitration clause. *See Wilson Appeal*, 2009-Ohio-5837, at ¶ 13-16. Consequently, the appellate court upheld the Cuyahoga County trial court's decision to deny her motion to stay. *Id.* at ¶ 16.

{¶13} After this case was transferred to Summit County, Wilson once again sought to stay the proceedings for arbitration. Wilson acknowledged that the Cooperative had brought its claims against her on the basis of the advertising cooperative agreement and that the parties were bound by its terms. She argued that arbitration was appropriate, however, because a clause in the cooperative advertising agreement gave Physician's Weight Loss final authority to resolve any disagreement that arose between the Cooperative and a franchisee. Because the Cooperative was required to allow Physician's Weight Loss to resolve their dispute, Wilson argued, the Cooperative was, in fact, subject to arbitration through Physician's Weight Loss.

{¶14} The Cooperative opposed Wilson's motion on the basis of the Eighth District's decision and the law of the case doctrine. In its decision on Wilson's motion, the trial court wrote:

> After having [reviewed] the Franchise Agreement and the Advertising Cooperation [sic] Agreement this Court agrees with the Eighth District Court of Appeals that the Franchise Agreement executed by each franchisee sets forth the manner in which all disputes shall be resolved which mandates arbitration.
>
> * * *
>
> *This Court agrees with the Eighth District Court of Appeals that the Cooperative knowingly accepted the benefits of <u>both</u> [the franchise agreement and the advertising cooperative agreement] thus should have to endure the burdens as*

*well.* Further, this Court agrees that the Cooperative was a third-party beneficiary under the Franchise Agreement.

The Court having considered all the pleadings in this action, agreements at issue as well as the opinion of the * * * Eighth Appellate District[] * * * finds [Wilson's] Motion well-taken and grants stay of this matter pending arbitration.

(Emphasis added.) Thus, although the trial court indicated that it was relying upon the Eighth District's case law, it ruled in favor of Wilson.

{¶15} The italicized benefits and burden language that the trial court used when ruling on Wilson's motion only appeared in one of the two appellate decisions that the Eighth District issued in this matter: the *Physician's Weight Loss Appeal*. *See Physician's Weight Loss Appeal*, 2009-Ohio-5699, at ¶ 17. That appeal, however, did not concern Wilson. The Eighth District issued a separate decision that pertained to Wilson and reached a distinctly different outcome. *See Wilson Appeal*, 2009-Ohio-5837. Upon our review of the trial court's judgment entry, it appears the trial court, in attempting to apply the law of the case doctrine, may have reviewed the incorrect appellate decision in this matter. Accordingly, we conclude that it is appropriate to remand this matter to the trial court for it to consider the *Wilson Appeal* and the law of the case doctrine in the first instance. The Cooperative's sole assignment of error is sustained on that basis.

### III.

{¶16} The Cooperative's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

———————————————
DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JEFFREY M. EMBLETON, BRENDON P. FRIESEN, and JACLYN C. STAPLE, Attorneys at Law, for Appellant.

SPARKLE WILSON, pro so, Appellee.