[Cite as *Jowiski v. Gustafson-Jowiski*, 2022-Ohio-2816.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

DANIEL JOWISKI

    Appellee

    v.

LESLIE GUSTAFSON-JOWISKI

    Appellant

C.A. No.    21CA011807

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    97DU052353

DECISION AND JOURNAL ENTRY

Dated: August 15, 2022

HENSAL, Presiding Judge.

**{¶1}** Leslie Gustafson-Jowiski appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court reverses and remands for further proceedings consistent with this decision.

I.

**{¶2}** Ms. Gustafson-Jowiski ("Wife") and Daniel Jowiski ("Husband") married in 1982, legally separated in 1996, and divorced in 1997. As part of the divorce, the trial court issued a stipulated qualified domestic relations order ("QDRO"). In it, the trial court determined that Wife was entitled to one-half of Husband's retirement benefits from the Ford Motor Company for years the parties were married. Specifically, it stated that:

> [T]he amount payable to [Wife] shall be the amount otherwise payable to [Husband] as follows: one-half (1/2) of the fraction the numerator of which is the number of years [Husband] participated in said plan while married to [Wife], the denominator of which is the total number of years [Husband] participates in said plan, times the benefits to be received.

The QDRO provided that the trial court retained jurisdiction to amend the order to carry out its terms and intent, and that the trial court "specifically reserve[d] the right to make such Orders as it deems necessary to provide [Wife] with all benefits to which she is entitled or that are necessary to effectuate the terms of the Plan[.]"

{¶3} In 2020, Husband filed a "Motion to Modify and Clarify Judgment Entry Regarding [Husband's] Retirement and Pension" ("Motion to Modify"). In it, he asserted that he worked for Ford for 12 years while the parties were married, continued to work there after the divorce, and was set to retire after working there for over 35 years. He asserted that, while he was married to Wife, he did not actively contribute to his retirement. According to Husband, had he continued to not actively contribute to his retirement, he would have been entitled to receive approximately $1,700 per month in retirement benefits from Ford. Husband asserted that, after the divorce, he began actively contributing to his retirement, which significantly increased the benefits he was entitled to receive upon his retirement. According to Husband, as a result of his active contributions, he was now set to receive approximately $6,400 per month in retirement benefits.

{¶4} Husband asserted that Ford interpreted the calculation set forth in the QDRO to mean that Wife was entitled to receive the benefit of Husband's post-divorce active contributions to his retirement. He asserted that Wife should instead receive the amount she would have been entitled to had he not started actively contributing to his retirement after their divorce. He asserted that Ford's interpretation of the QDRO was not consistent with the parties' intent and requested that the trial court issue an order modifying and clarifying the language of the QDRO to effectuate its intent.

{¶5} Wife then moved the trial court for an order allowing QDRO Group, LLC, a company based in Medina, to evaluate the QDRO to determine the amount of Husband's Ford retirement benefits she was entitled to receive. The magistrate granted Wife's motion.

{¶6} The magistrate set the matter for a hearing. On August 19, 2021, Husband, Husband's counsel, and Wife's counsel appeared in person. At Wife's counsel's request, the magistrate called Wife, who lives in Texas. Wife indicated that she just received documents from Ford, so her counsel requested a continuance to allow her to review the documents. The magistrate indicated he would grant the continuance and advised Wife to ensure that she was prepared for trial. According to the magistrate, Wife became upset and called him a "MCP – male chauvinist pig." As a result, the magistrate held Wife in direct contempt of court, ordered her to pay a $100 fine, and imposed a 7-day jail sentence. The magistrate suspended the jail sentence on the condition that Wife purge her contempt by paying the $100 fine by the next court date. That decision was journalized on the docket on August 23, 2021. There is no dispute that Wife did not pay the $100 fine.

{¶7} On September 7, 2021, the magistrate held a hearing on Husband's Motion to Modify. Husband, Husband's counsel, and Wife's counsel appeared for the hearing. Wife did not appear. Despite the fact that Wife had moved for an order allowing QDRO Group, LLC to evaluate the QDRO, Wife did not procure an expert report. Instead, Husband retained QDRO Group, LLC to evaluate the QDRO and prepare a report.

{¶8} James Myers, Jr., the managing principal of QDRO Group, LLC, testified as an expert on behalf of Husband. He opined that Wife was entitled to the non-contributory portion of Husband's retirement benefits (i.e., the benefit he would have been entitled to receive had he not started actively contributing to his retirement), and that the contributory portion (i.e., the benefit

he was entitled to receive as a result of his post-divorce active contributions to his retirement) was Husband's separate property. He then testified that, calculating the amount Wife was entitled to receive based upon the non-contributory portion of Husband's retirement benefits, Wife was entitled to receive $287.08 per month.

{¶9} On cross-examination, Mr. Myers acknowledged that Ford's interpretation of the QDRO was technically correct because the QDRO did not distinguish between contributory and non-contributory portions of Husband's retirement benefits. He then testified that the QDRO would need to be amended to account for the fact that, after the parties divorced, Husband began actively contributing to his retirement.

{¶10} One week after the hearing, the magistrate granted Husband's Motion to Modify. Consistent with Mr. Myer's expert opinion, the magistrate found that Wife was entitled to receive $287.08 per month from Husband's Ford retirement benefits. The magistrate indicated that Husband may submit an amended QDRO to effectuate the intent of his decision.

{¶11} The magistrate then addressed Wife's direct contempt of court. The magistrate reiterated that Wife was in direct contempt of court for using a derogatory term toward him and that, as of the contested hearing, Wife had not paid the $100 fine. The magistrate then indicated that Wife was required to pay the $100 fine before filing any motions or pleadings, including any objections to the magistrate's decision. The magistrate then ordered the Clerk of Courts to not accept any filings from Wife until she paid her $100 fine. The trial court adopted the magistrate's decision the same day.

{¶12} Wife filed timely objections to the magistrate's decision. Shortly thereafter, the trial court issued an order dismissing Wife's objections on the basis that Wife had not paid the $100 fine, and the Clerk of Courts inadvertently accepted Wife's filing. The trial court's order

then stated: "CASE CLOSED. NO FURTHER HEARINGS REQUIRED." Wife now appeals, raising two assignments of error for this Court's review. Because Wife's second assignment of error is dispositive of this appeal, this Court will address it first.

## II.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ACTED ARBITRARY AND ABUSED ITS DISCRETION WHEN IT DISMISSED APPELLANT'S OBJECTION SUMMARILY WITHOUT A HEARING.

**{¶13}** In her second assignment of error, Wife argues that the trial court erred by dismissing her objections to the magistrate's decision on the basis that she had not paid the $100 fine imposed by the magistrate. For the reasons that follow, this Court agrees.

**{¶14}** "This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Michael v. Michael*, 9th Dist. Wayne No. 20AP0010, 2021-Ohio-992, ¶ 12. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Id.*, quoting *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. Civil Rule 53(C)(3)(f) authorizes a magistrate to impose "appropriate sanctions" for contempt of court committed in the presence of the magistrate. Findings of contempt, as well as contempt sanctions, are reviewed for an abuse of discretion. *Medas v. Monyak*, 9th Dist. Lorain No. 13CA010487, 2015-Ohio-1252, ¶ 13; *Pietrangelo v. City of Avon Lake*, 9th Dist. Lorain No. 17CA011080, 2018-Ohio-1006, ¶ 25. "An abuse of discretion is present when a trial court's decision 'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Michael* at ¶ 12, quoting *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8.

{¶15} Here, the magistrate issued a contempt order indicating that Wife called him "a MCP – male chauvinist pig" during the course of a hearing. As previously noted, the magistrate held Wife in direct contempt of court, ordered her to pay a $100 fine, and imposed a 7-day jail sentence. The magistrate suspended the jail sentence on the condition that Wife purge her contempt by paying the $100 fine by the next court date. That decision was journalized on the docket on August 23, 2021.

{¶16} Then, on September 14, 2021, the magistrate issued a decision on Husband's Motion to Modify. In his decision, the magistrate indicated that he could impose the jail sentence since Wife had not paid the $100 fine. The magistrate then indicated he would "grant leniency" and instead ordered Wife to pay the $100 fine before filing any motions or pleadings, including objections to the magistrate's decision. The magistrate also directed the Clerk of Courts to not accept any filings from Wife until she paid the fine. The trial court adopted these orders in its judgment entry adopting the magistrate's decision.

{¶17} This Court concludes that the trial court abused its discretion when it adopted the magistrate's decision, prohibiting Wife from filing anything with the Clerk of Courts, including objections to the magistrate's decision, until she paid the $100 fine. Not only did this affect Wife's ability to object to the magistrate's decision, including his decision to prohibit her from filing anything until she paid the fine, it necessarily affected the issues she could raise on appeal. *See* Civ.R. 53(D)(3)(b)(iv); *Helfinstine v. Wells Fargo Bank*, NA, 9th Dist. Summit No. 29551, 2020-Ohio-4675, ¶ 16, quoting *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12 ("Arguments that were not raised in the trial court cannot be raised for the first time on appeal."). Under the circumstances of this case, we find the trial court's decision unreasonable. Accordingly, this Court reverses the trial court's decision that prohibited

Wife from filing anything with the Clerk of Courts until she paid the $100 fine. We remand the matter for the trial court to consider Wife's objections to the magistrate's decision in the first instance. Wife's second assignment of error is sustained on that basis.

ASSIGNMENT OF ERROR I

THE TRIAL COURT LACKED JURISDICTION TO MODIFY A FINAL DECREE OF DIVORCE BECAUSE BOTH PARTIES DID NOT CONSENT TO SAID MODIFICATION.

{¶18} In her first assignment of error, Wife argues that the trial court lacked jurisdiction to modify the final decree of divorce because she did not consent to the modification. In light of this Court's disposition of Wife's second assignment of error, we conclude that a review of Wife's first assignment of error is premature at this time. This Court, therefore, declines to address it.

III.

{¶19} Wife's second assignment of error is sustained. We decline to address Wife's first assignment of error on the basis that it is premature. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

DAVID J. BERTA, Attorney at Law, for Appellant.

GIOVANNA V. BREMKE, Attorney at Law, for Appellee.